NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION

| | |
|---|---|
| In the Matter of the<br>Development and Implementation<br>of a Remedial Program for an<br>Inactive Hazardous Waste Disposal<br>Site under Article 27, Title 13<br>of the Environmental Conservation Law<br>by<br>Honeywell International, Inc.<br><br>Respondent. | **ORDER ON CONSENT**<br>**and**<br>**ADMINISTRATIVE**<br>**SETTLEMENT**<br><br>Index #B9-0777-08-03<br><br>Site #932136 |

**WHEREAS,**

1.     A.     The New York State Department of Environmental Conservation ("Department") is responsible for inactive hazardous waste disposal site remedial programs pursuant to Article 27, Title 13 of the Environmental Conservation Law ("ECL") and Part 375 of Title 6 of the Official Compilation of Codes, Rules and Regulations ("6 NYCRR") and may issue orders consistent with the authority granted to the Commissioner by such statute.

       B.     The Department is responsible for carrying out the policy of the State of New York to conserve, improve and protect its natural resources and environment and control water, land, and air pollution consistent with the authority granted to the Department and the Commissioner by Article 1, Title 3 of the ECL.

       C.     This Order is issued pursuant to the Department's authority under, *inter alia*, ECL Article 27, Title 13 and ECL 3-0301, and resolves Respondent's liability to the State as provided at 6 NYCRR 375-1.5(b)(5).

2.     Honeywell International, Inc. ("Respondent") is a corporation organized under the laws of the state of Delaware with offices at 101 Columbia Road, Morristown, New Jersey, and is a successor to a company which is alleged to be a former generator, owner, and operator of the Site. The Site, known as the Tract II Site, is located at 3001 Highland Avenue in the City of Niagara Falls, Niagara County (hereinafter the "Site"). It is adjacent to property known as the Tract I property which is also located on Highland Avenue in the City of Niagara Falls, Niagara County. Exhibit "A" is a map of the Site and the Tract I property showing their general location.

3.     The Site is currently listed in the *Registry of Inactive Hazardous Waste Disposal Sites in New York State* as Site Number 932136 with a Classification "2" pursuant to ECL 27-1305.

4.     Respondent consents to the issuance of this Order without (i) an admission or finding of liability, fault, wrongdoing, or violation of any law, regulation, permit, order, requirement, or standard of care of any kind whatsoever; (ii) an acknowledgment that there has been a release or threatened release of hazardous waste at or from the Site; and/or (iii) an acknowledgment that a release or threatened release of hazardous waste at or from the Site constitutes a significant threat to the public health or environment.

5.     Solely with regard to the matters set forth below, Respondent hereby waives any right to a hearing as may be provided by law, consents to the issuance and entry of this Order, and agrees to be bound by its terms.  Respondent consents to and agrees not to contest the authority or jurisdiction of the Department to issue or enforce this Order, and agrees not to contest the validity of this Order or its terms or the validity of data submitted to the Department by Respondent pursuant to this Order.

**NOW**, having considered this matter and being duly advised, **IT IS ORDERED THAT**:

I.     Initial Submittal

Within thirty (30) Days after the effective date of this Order, Respondent shall submit to the Department a Records Search Report prepared in accordance with Exhibit "B" attached hereto.  The Records Search Report can be limited if the Department notifies Respondent that prior submissions satisfy specific items required for the Records Search Report.

II.     Development, Performance, and Reporting of Work Plans

A.     Work Plans

All activities at the Site that comprise any element of an Inactive Hazardous Waste Disposal Site Remedial Program shall be conducted pursuant to one or more Department-approved work plans ("Work Plan" or "Work Plans") and this Order and all activities shall be consistent with the National Oil and Hazardous Substances Pollution Contingency Plan (NCP), 40 C.F.R. Part 300, as required under CERCLA, 42 U.S.C. § 9601 *et seq.*  The Work Plan(s) under this Order shall address both on-Site and off-Site conditions and shall be developed and implemented in accordance with 6 NYCRR § 375-1.6(a).     All Department-approved Work Plans shall be incorporated into and become enforceable parts of this Order.  Upon approval of a Work Plan by the Department, Respondent shall

2

implement such Work Plan in accordance with the schedule contained therein. Nothing in this Subparagraph shall mandate that any particular Work Plan be submitted.

Each Work Plan submitted shall use one of the following captions on the cover page:

1. Site Characterization ("SC") Work Plan: a Work Plan whose objective is to identify the presence of any hazardous waste disposal at the Site;

2. Remedial Investigation/Feasibility Study ("RI/FS") Work Plan: a Work Plan whose objective is to perform a Remedial Investigation and a Feasibility Study;

3. Interim Remedial Measure ("IRM")Work Plan: a Work Plan whose objective is to provide for an Interim Remedial Measure;

4. Remedial Design/Remedial Action ("RD/RA")Work Plan: a Work Plan whose objective is to provide for the development and implementation of final plans and specifications for implementing the remedial alternative set forth in the ROD; or

5. Site Management Plan: a Work Plan whose objective is to identify and implement the institutional and engineering controls required for the Site, as well as any necessary monitoring and/or operation and maintenance of the remedy.

B. Submission/Implementation of Work Plans

1. (a) Respondent has proposed to implement a Predesign Study Work Plan pursuant to Paragraph 1(c) below. Respondent shall commence to perform the Department approved Predesign Work Plan dated June 20, 2011, attached to this order in Exhibit "D" within 30 Days after the effective date of this Order.

(b) The Department may request that Respondent submit additional or supplemental Work Plans for the Site. Within thirty (30) Days after the Department's written request, Respondent shall advise the Department in writing whether it will submit and implement the requested additional or supplemental Work Plan or whether it elects to terminate this Order pursuant to Paragraph XIII. If Respondent elects to submit and implement such Work Plan, Respondent shall submit the requested Work Plan within sixty (60) Days after such election. If Respondent elects to terminate this Order or fails to make a timely election, this Order shall terminate pursuant to Paragraph XIII.

(c) Respondent may opt to propose one or more additional or supplemental Work Plans (including one or more IRM Work Plans) at any time, which the Department shall review for appropriateness and technical sufficiency.

3

(d)     Any request made by the Department under Subparagraph II.B.1.(b) shall be subject to dispute resolution pursuant to Paragraph XII.

2.     A Professional Engineer must stamp and sign all Work Plans other than SC or RI/FS Work Plans.

3.     During all field activities conducted under this Order, Respondent shall have on-Site a representative who is qualified to supervise the activities undertaken. Such representative may be an employee or a consultant retained by Respondent to perform such supervision.

C.    Modifications to Work Plans

The Department shall notify Respondent in writing if the Department determines that any element of a Department-approved Work Plan needs to be modified in order to achieve the objectives of the Work Plan as set forth in Subparagraph II.A or to ensure that the Remedial Program otherwise protects human health and the environment. Upon receipt of such notification, Respondent shall, subject to Respondent's right to terminate pursuant to Paragraph XIII, provide written notification as provided at 6 NYCRR 375-1.6(d)(3)as to whether it will modify the Work Plan, or invoke dispute resolution

D.    Submission of Final Reports and Annual Reports

1.     In accordance with the schedule contained in a Work Plan, Respondent shall submit a final report as provided at 6 NYCRR 375-1.6(b) and a final engineering report as provided at 6 NYCRR 375-1.6(c).

2.     Any final report or final engineering report that includes construction activities shall include "as built" drawings showing any changes made to the remedial design or the IRM.

3.     In the event that the final engineering report for the Site requires Site management, Respondent shall submit an annual report by the 1st Day of the month following the anniversary of the start of the Site management. Such annual report shall be signed by a Professional Engineer or by such other qualified environmental professional as the Department may find acceptable and shall contain a certification as provided at 6 NYCRR 375-1.8(h)(3). Respondent may petition the Department for a determination that the institutional and/or engineering controls may be terminated. Such petition must be supported by a statement by a Professional Engineer that such controls are no longer necessary for the protection of public health and the environment. The Department shall not unreasonably withhold its approval of such petition.

4

E .   Review of Submittals other than Progress Reports and Health and Safety Plans

1.      The Department shall make a good faith effort to review and respond in writing to each submittal Respondent makes pursuant to this Order within sixty (60) Days. The Department's response shall include an approval or disapproval of the submittal, in whole or in part. All Department-approved submittals shall be incorporated into and become an enforceable part of this Order.

2.      If the Department disapproves a submittal, it shall specify the reasons for its disapproval. Within fifteen (15) Days after the date of the Department's written notice that Respondent's submittal has been disapproved, Respondent shall, subject to Respondent's right to terminate pursuant to Paragraph XIII in the event the rejected submittal is a Work Plan submitted prior to the Department's approval of the RD/RA Work Plan, elect as provided at 6 NYCRR 375-1.6(d)(4). If Respondent elects to modify the submittal, Respondent shall, within thirty (30) Days after such election, make a revised submittal that addresses all of the Department's stated reasons for disapproving the first submittal. In the event that Respondent's revised submittal is disapproved, the Department shall set forth its reasons for such disapproval in writing and Respondent shall be in violation of this Order unless it invokes dispute resolution pursuant to Paragraph XII and its position prevails. Failure to make an election or failure to comply with the election is a violation of this Order.

3.      Within thirty (30) Days after the Department's approval of a final report, Respondent shall submit such final report, as well as all data gathered and drawings and submittals made pursuant to such Work Plan, in an electronic format acceptable to the Department. If any document cannot be converted into electronic format, Respondent shall submit such document in an alternative format acceptable to the Department.

F .   Department's Issuance of a ROD

The Department has issued a Record of Decision ("ROD") for the Site dated March 12, 2003. As part of the remedial process the Department conducted extensive pre-design sampling. As a result of the data and analysis generated during the pre-design sampling, the Department is evaluating the need for an Amendment to the ROD. Information generated pursuant to the performance of the Department approved Predesign Work Plan dated June 20, 2011 will be considered in the Department's evaluation.

G.     Release and Covenant Not to Sue

Upon the Department's issuance of a Certificate of Completion as provided at 6 NYCRR 375-1.9 and 375-2.9, Respondent shall obtain the benefits conferred by such provisions, subject to the terms and conditions described therein.

III.    Progress Reports

Respondent shall submit written progress reports to the parties identified in Subparagraph XI.A.1 by the 10th Day of each month commencing with the month subsequent to the approval of the first Work Plan and ending with the Termination Date, unless a different frequency is set forth in an approved Work Plan. Such reports shall, at a minimum, include: all actions taken pursuant to this Order during the reporting period and those anticipated for the upcoming reporting period; all approved modifications to work plans and/or schedules; all results of sampling and tests and all other data received or generated by or on behalf of Respondent in connection with the Site during the reporting period, including quality assurance/quality control information; information regarding percentage of completion, unresolved delays encountered or anticipated that may affect the future schedule, and efforts made to mitigate such delays; and information regarding activities undertaken in support of the Citizen Participation Plan during the reporting period and those anticipated for the upcoming reporting period.

IV.    Penalties

A.    1.    Respondent's failure to comply with any term of this Order constitutes a violation of this Order, the ECL, and 6 NYCRR 375-2.11(a)(4). Nothing herein abridges Respondent's right to contest any allegation that it has failed to comply with this Order.

2.    Payment of any penalties shall not in any way alter Respondent's obligations under this Order.

B.    1.    Respondent shall not suffer any penalty or be subject to any proceeding or action in the event it cannot comply with any requirement of this Order as a result of any Force Majeure Event as provided at 6 NYCRR 375-1.5(b)(4). Respondent must use best efforts to anticipate the potential Force Majeure Event, best efforts to address any such event as it is occurring, and best efforts following the Force Majeure Event to minimize delay to the greatest extent possible. "Force Majeure" does not include Respondent's economic inability to comply with any obligation, the failure of Respondent to make complete and timely application for any required approval or permit, and non-attainment of the goals, standards, and requirements of this Order.

6

2.      Respondent shall notify the Department in writing within five (5) Days of the onset of any Force Majeure Event. Failure to give such notice within such five (5) Day period constitutes a waiver of any claim that a delay is not subject to penalties. Respondent shall be deemed to know of any circumstance which it, any entity controlled by it, or its contractors knew or should have known.

3.      Respondent shall have the burden of proving by a preponderance of the evidence that (i) the delay or anticipated delay has been or will be caused by a Force Majeure Event; (ii) the duration of the delay or the extension sought is warranted under the circumstances; (iii) best efforts were exercised to avoid and mitigate the effects of the delay; and (iv) Respondent complied with the requirements of Subparagraph IV.B.2 regarding timely notification.

4.      If the Department agrees that the delay or anticipated delay is attributable to a Force Majeure Event, the time for performance of the obligations that are affected by the Force Majeure Event shall be extended for a period of time equivalent to the time lost because of the Force Majeure event, in accordance with 375-1.5(b)(4).

5.      If the Department rejects Respondent's assertion that an event provides a defense to non-compliance with this Order pursuant to Subparagraph IV.B, Respondent shall be in violation of this Order unless it invokes dispute resolution pursuant to Paragraph XII and Respondent's position prevails.

V.      Entry upon Site

A.      Respondent hereby consents, upon reasonable notice under the circumstances presented, to entry upon the Site (or areas in the vicinity of the Site which may be under the control of Respondent) by any duly designated officer or employee of the Department or any State agency having jurisdiction with respect to matters addressed pursuant to this Order, and by any agent, consultant, contractor, or other person so authorized by the Commissioner, all of whom shall abide by the health and safety rules in effect for the Site, for inspecting, sampling, copying records related to the contamination at the Site, testing,  and any other activities necessary to ensure Respondent's compliance with this Order. Upon request, Respondent shall (i) provide the Department with suitable work space at the Site, including access to a telephone, to the extent available, and (ii) permit the Department full access to all non-privileged records relating to matters addressed by this Order.  Raw data is not considered privileged and that portion of any privileged document containing raw data must be provided to the Department.  In the event Respondent is unable to obtain any authorization from third-party property owners necessary to perform its obligations under this Order, the Department may, consistent with its legal authority, assist in obtaining such authorizations.

B.     The Department shall have the right to take its own samples and scientific measurements and the Department and Respondent shall each have the right to obtain split samples, duplicate samples, or both, of all substances and materials sampled.     The Department shall make the results of any such sampling and scientific measurements available to Respondent.

VI.     Payment of State Costs

A.     1.     Within forty-five (45) days after the effective date of this Order, Respondent shall pay to the Department the sum of $334,202.77 which shall represent full reimbursement from Respondent for all past State costs set forth on Exhibit "C", as well as costs incurred by the New York State Department of Health and costs incurred by the Department which are associated with remedial activities conducted at the Site up to the effective date of this Order as provided in 6 NYCRR 375-1.5(b)(3) and (b)(5);

2.     Within forty-five (45) Days after receipt of an itemized invoice from the Department, Respondent shall pay to the Department a sum of money which shall represent reimbursement for State Costs for work performed at or in connection with the Site from the effective date hereof through and including the Termination Date, as provided at 6 NYCRR 375-1.5(b)(3).

B.     Personal service costs shall be documented as provided by 6 NYCRR 375-1.5(b)(3)(ii). The Department shall not be required to provide any other documentation of costs, provided however, that the Department's records shall be available consistent with, and in accordance with, Article 6 of the Public Officers Law.

C.     Such invoice shall be sent to Respondent at the following address:

Richard Galloway
Honeywell International Inc.
101 Columbia Road
Morristown, NJ  07962

D.     Each such payment shall be made payable to the Department of Environmental Conservation and shall be sent to:

Bureau of Program Management
Division of Environmental Remediation
New York State Department of Environmental Conservation
625 Broadway
Albany, New York 12233-7012

E.     Each party shall provide written notification to the other within ninety (90) Days of any change in the foregoing addresses.

F.     Respondent may contest invoiced costs as provided at 6 NYCRR 375-1.5(b)(3)(v) and (vi).

## VII.   Reservation of Rights

A.     Except as provided at 6 NYCRR 375-1.9 and 375-2.9, nothing contained in this Order shall be construed as barring, diminishing, adjudicating, or in any way affecting any of the Department's rights or authorities, including, but not limited to, the right to require performance of further investigations and/or response action(s), to recover natural resource damages, and/or to exercise any summary abatement powers with respect to any person, including Respondent.

B.     Except as otherwise provided in this Order, Respondent specifically reserves all rights and defenses under applicable law respecting any Departmental assertion of remedial liability and/or natural resource damages against Respondent, and further reserves all rights respecting the enforcement of this Order, including the rights to notice, to be heard, to appeal, and to any other due process. The existence of this Order or Respondent's compliance with it shall not be construed as an admission of liability, fault, wrongdoing, or breach of standard of care by Respondent, and shall not give rise to any presumption of law or finding of fact, or create any rights, or grant any cause of action, which shall inure to the benefit of any third party. Further, Respondent reserves such rights as it may have to seek and obtain contribution, indemnification, and/or any other form of recovery from its insurers and from other potentially responsible parties or their insurers for past or future response and/or cleanup costs or such other costs or damages arising from the contamination at the Site as may be provided by law, including but not limited to rights of contribution under section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

## VIII.   Indemnification

Respondent shall indemnify and hold the Department, the State of New York, the Trustee of the State's natural resources, and their representatives and employees harmless as provided by 6 NYCRR 375-2.5(a)(3)(i).

## IX.   Public Notice

A.     Respondent is not the owner of the Site. Within thirty (30) Days after the effective date of this Order, Respondent shall, consistent with Paragraph XIV.C, provide notice as required by 6 NYCRR 375-1.5(a)(2). Within sixty (60) days after the owner

9

complies with 6 NYCRR 375-1.5(a)(2)(ii) Respondent shall provide the Department with a copy of such instrument certified by the recording officer to be a true and faithful copy.

B.      If Respondent proposes to transfer by sale or lease the whole or any part of Respondent's interest in the Site, or becomes aware of such transfer, Respondent shall, not fewer than forty-five (45) Days before the date of transfer, or within forty-five (45) Days after becoming aware of such conveyance, notify the Department in writing of the identity of the transferee and of the nature and proposed or actual date of the conveyance, and shall notify the transferee in writing, with a copy to the Department, of the applicability of this Order. However, such obligation shall not extend to a conveyance by means of a corporate reorganization or merger or the granting of any rights under any mortgage, deed, trust, assignment, judgment, lien, pledge, security agreement, lease, or any other right accruing to a person not affiliated with Respondent to secure the repayment of money or the performance of a duty or obligation.

X.      Environmental Easement

A.      If a Department-approved final engineering report for the Site relies upon one or more institutional and/or engineering controls, Respondent (or the owner of the Site) shall submit to the Department for approval an Environmental Easement to run with the land in favor of the State which complies with the requirements of ECL Article 71, Title 36, and 6 NYCRR 375-1.8(h)(2). Upon acceptance of Environmental Easement by the State, Respondent shall comply with the requirements of 6 NYCRR 375-1.8(h)(2).

B.      If the ROD provides for no action other than implementation of one or more institutional controls, Respondent shall cause an environmental easement to be recorded under the provisions of Subparagraph X.A. If Respondent does not cause such environmental easement to be recorded in accordance with 6 NYCRR 375-1.8(h)(2), Respondent will not be entitled to the benefits conferred by 6 NYCRR 375-1.9 and 375-2.9.

XI.     Communications

A.      All written communications required by this Order shall be transmitted by United States Postal Service, by private courier service, or hand delivered as follows:

1.    Communication from Respondent shall be sent to:

Gregory Sutton
Regional Hazardous Waste Remediation Engineer
Division of Environmental Remediation
New York State Department of Environmental Conservation
270 Michigan Avenue
Buffalo, New York 14203
(716) 851-7220
gpsutton@gw.dec.state.ny.us

Note: one hard copy of a work plan is required, as well as one electronic
copy.

Steven Bates
Bureau of Environmental Exposure Investigation
New York State Department of Health
Flanigan Square
547 River Street
Troy, New York 12180-2216
(518) 402-7850
smb02@health.state.ny.us

Note: two copies of work plans are required.

Maura C. Desmond
Senior Attorney
Office of General Counsel
New York State Department of Environmental Conservation
270 Michigan Avenue
Buffalo, New York 14203
(716) 851-7050
mcdesmon@gw.dec.state.ny.us

Correspondence only

2.    Communication to be made from the Department shall be sent to:

Richard Galloway
Honeywell International Inc.
101 Columbia Road
Morristown, NJ  07962

11

Jeremy Karpatkin
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

David Flynn
Phillips Lytle LLP
3400 HSBC Center
Buffalo, NY 14203

B. The Department and Respondent reserve the right to designate additional or different addressees for communication upon written notice to the other.

C. Each party shall notify the other within ninety (90) Days after any change in the addresses in this Paragraph XI or in Paragraph VI.

## XII. Dispute Resolution

In the event disputes arise under this Order, Respondent may, within fifteen (15) Days after Respondent knew or should have known of the facts which are the basis of the dispute, initiate dispute resolution in accordance with the provisions of 6 NYCRR 375-1.5(b)(2). Nothing contained in this Order shall be construed to authorize Respondent to invoke dispute resolution with respect to the remedy selected by the Department in the ROD or any element of such remedy, nor to impair any right of Respondent to seek judicial review of the Department's selection of any remedy.

## XIII. Termination of Order

A. This Order will terminate upon the earlier of the following events:

1. Respondent's election to terminate pursuant to Subparagraphs II.B.1.h, II.C or II.E.2 so long as such election is made prior to the Department's approval of the RD/RA Work Plan. In the event of termination in accordance with this Subparagraph XIII.A.1, this Order shall terminate effective the 5th Day after the Department's receipt of the written notification terminating this Order or the 5th Day after the time for Respondent to make its election has expired, whichever is earlier, provided, however, that if there are one or more Work Plan(s) for which a final report has not been approved at the time of Respondent's notification of its election to terminate this Order pursuant to Subparagraphs II.B.1.b or II.E.2 or its failure to timely make such an election pursuant to Subparagraphs II.B.1.b or II.E.2, Respondent shall promptly complete the activities required by such previously approved Work Plan(s) consistent with the schedules contained therein. Thereafter, this Order shall terminate effective the 5th Day after the Department's approval of the final report for all previously approved Work Plans; or

12

2. The Department's written determination that Respondent has completed all phases of the Remedial Program (including Site Management), in which event the termination shall be effective on the 5th Day after the date of the Department's approval of the final report relating to the final phase of the Remedial Program.

B. Notwithstanding the foregoing, the provisions contained in Paragraphs VI and VIII shall survive the termination of this Order and any violation of such surviving Paragraphs shall be a violation of this Order, the ECL, and 6 NYCRR 375-2.11(a)(4), subjecting Respondent to penalties as provided under Paragraph IV so long as such obligations accrued on or prior to the Termination Date.

C. If the Order is terminated pursuant to Subparagraph XIII.A.1, neither this Order nor its termination shall affect any liability of Respondent for remediation of the Site and/or for payment of State Costs, including implementation of removal and remedial actions, interest, enforcement, and any and all other response costs as defined under CERCLA, nor shall it affect any defenses to such liability that may be asserted by Respondent. Respondent shall also ensure that it does not leave the Site in a condition, from the perspective of human health and environmental protection, worse than that which existed before any activities under this Order were commenced. Further, the Department's efforts in obtaining and overseeing compliance with this Order shall constitute reasonable efforts under law to obtain a voluntary commitment from Respondent for any further activities to be undertaken as part of a Remedial Program for the Site.

XIV. Miscellaneous

A. Respondent agrees to comply with and he bound by the provisions of 6 NYCRR Subparts 375-1 and 375-2; the provisions of such Subparts that are referenced herein are referenced for clarity and convenience only and the failure of this Order to specifically reference any particular regulatory provision is not intended to imply that such provision is not applicable to activities performed under this Order.

B. As provided in 6 NYCRR 375-1.12(b), (c), and (d) the Department may exempt Respondent from the requirement to obtain any state or local permit or other authorization for any activity conducted pursuant to this Order.

C. 1. Respondent shall use best efforts to obtain all Site access, permits, easements, approvals, institutional controls, and/or authorizations necessary to perform Respondent's obligations under this Order, including all Department-approved Work Plans and the schedules contained therein. If, despite Respondent's best efforts, any access, permits, easements, approvals, institutional controls, or authorizations cannot be obtained, Respondent shall promptly notify the Department and include a summary of the steps

13

taken. The Department may, as it deems appropriate and within its authority, assist Respondent in obtaining same.

2. If an interest in property is needed to implement an institutional control required by a Work Plan and such interest cannot be obtained, the Department may require Respondent to modify the Work Plan pursuant to 6 NYCRR 375-1.6(d)(3) to reflect changes necessitated by Respondent's inability to obtain such interest.

D. The paragraph headings set forth in this Order are included for convenience of reference only and shall be disregarded in the construction and interpretation of any provisions of this Order.

E. 1. The terms of this Order shall constitute the complete and entire agreement between the Department and Respondent concerning the implementation of the activities required by this Order. No term, condition, understanding, or agreement purporting to modify or vary any term of this Order shall be binding unless made in writing and subscribed by the party to be bound. No informal advice, guidance, suggestion, or comment by the Department shall be construed as relieving Respondent of Respondent's obligation to obtain such formal approvals as may be required by this Order. In the event of a conflict between the terms of this Order and any Work Plan submitted pursuant to this Order, the terms of this Order shall control over the terms of the Work Plan(s). Respondent consents to and agrees not to contest the authority and jurisdiction of the Department to enter into or enforce this Order.

2. i. Except as set forth herein, if Respondent desires that any provision of this Order be changed, Respondent shall make timely written application to the Commissioner with copies to the parties listed in Subparagraph XI.A.1.

ii. If Respondent seeks to modify an approved Work Plan, a written request shall be made to the Department's project manager, with copies to the parties listed in Subparagraph XI.A.1.

iii. Requests for a change to a time frame set forth in this Order shall be made in writing to the Department's project attorney and project manager; such requests shall not be unreasonably denied and a written response to such requests shall be sent to Respondent promptly.

F. 1. The Department shall not unreasonably deny Respondent's request to add additional respondents to this Order. If additional respondents enter into this order, the term "Respondent" shall be read in the plural, the obligations of each such party under this Order shall be joint and several, and the insolvency of or failure by any Respondent to implement any obligations under this Order shall not affect the obligations of the remaining Respondent(s) under this Order.

14

2.       If Respondent is a partnership, the obligations of all general partners (including limited partners who act as general partners) under this Order are joint and several and the insolvency or failure of any general partner to implement any obligations under this Order shall not affect the obligations of the remaining partner(s) under this Order.

3.       Notwithstanding the foregoing Subparagraphs XIV.F.1 and 2, if multiple parties sign this Order as Respondents but not all of the signing parties elect to implement a Work Plan, all Respondents are jointly and severally liable for each and every obligation under this Order through the completion of activities in such Work Plan that all such parties consented to; thereafter, only those Respondents electing to perform additional work shall be jointly and severally liable under this Order for the obligations and activities under such additional Work Plan(s). The parties electing not to implement the additional Work Plan(s) shall have no obligations under this Order relative to the activities set forth in such Work Plan(s). Further, only those Respondents electing to implement such additional Work Plan(s) shall be eligible to receive the Certificate of Completion referenced in Paragraph II.G.

G.       Respondent shall be entitled to receive contribution protection and/or to seek contribution to the extent authorized by ECL 27-1421(6) and 6 NYCRR 375-1.5(b)(5).

H.       Unless otherwise expressly provided herein, terms used in this Order which are defined in ECL Article 27 or in regulations promulgated thereunder shall have the meaning assigned to them under said statute or regulations.

I.       Respondent's obligations under this Order represent payment for or reimbursement of response costs, and shall not be deemed to constitute any type of fine or penalty.

J.       Respondent and Respondent's successors and assigns shall be bound by this Order. Any change in ownership or corporate status of Respondent shall in no way alter Respondent's responsibilities under this Order.

K.       This Order may be executed for the convenience of the parties hereto, individually or in combination, in one or more counterparts, each of which shall be deemed to have the status of an executed original and all of which shall together constitute one and the same.

L.       The effective date of this Order is the 10th Day after it is signed by the Commissioner or the Commissioner's designee.

15

DATED:

OCT 1 8 2011

JOSEPH J. MARTENS
COMMISSIONER
NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION

By:

Dale A. Desnoyers, Director
Division of Environmental Remediation

16

CONSENT BY RESPONDENT

Respondent hereby consents to the issuing and entering of this Order, waives Respondent's right to a hearing herein as provided by law, and agrees to be bound by this Order.

Honeywell International, Inc.

By: _Hal Lu Gal_

Title: _V.E HJER_

Date: _1/13/2011_

STATE OF New Jersey )
                     ) ss:
COUNTY OF Passaic )

On the 10th day of October, in the year 2011, before me, the undersigned, personally appeared Evan van Hook, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature and Office of individual
taking acknowledgment

NOTARY
PUBLIC
CHERYL L. TOLES
PASSAIC COUNTY, N.J.
ID # 2336504

17

EXHIBIT "A"

Map of Site



DRAWN BY: NEL 1-4-2011     APPROVED BY: ESW 5-18-2011

TRACT I
SITE
BOUNDARY

TRACT II
SITE
BOUNDARY

POWER CITY
WAREHOUSE

CONCRETE
FOUNDATION
of
DEMOLISHED
BUILDING

HIGHLAND AVENUE

SEVENTEENTH STREET

BEECH AVENUE

BEECH AVENUE

THIRTEENTH STREET

FIFTEENTH STREET

150      0      150
SCALE: 1"=150'

HONEYWELL INTERNATIONAL, INC.
NIAGARA FALLS, NEW YORK

Project No.: 3410100775

MACTEC
Engineering & Consulting Inc.
000 North Bell Avenue, Suite 200
Pittsburgh, PA 15106

TRACT I AND TRACT II
SITE PLAN

FIGURE: 2

2

## EXHIBIT "B"

## RECORDS SEARCH REPORT

1.  Detail all environmental data and information within Respondent's or Respondent's agents' or consultants' possession or control regarding environmental conditions at or emanating from the Site.

2.  A comprehensive list of all existing relevant reports with titles, authors, and subject matter, as well as a description of the results of all previous investigations of the Site and of areas immediately surrounding the Site which are or might be affected by contamination at the Site, including all available topographic and property surveys, engineering studies, and aerial photographs.

3.  A concise summary of information held by Respondent and Respondent's attorneys and consultants with respect to:

    (i)   a history and description of the Site, including the nature of operations;

    (ii)  the types, quantities, physical state, locations, methods, and dates of disposal or release of hazardous waste at or emanating from the Site;

    (iii) a description of current Site security (i.e. fencing, posting, etc.); and

    (iv)  the names and addresses of all persons responsible for disposal of hazardous waste, including the dates of such disposal and any proof linking each such person responsible with the hazardous wastes identified.

19

Exhibit "C"
**COST SUMMARY**

**New York State Department of Environmental Conservation**
Division of Environmental Remediation
Bureau of Program Management, 12th Floor
625 Broadway, Albany, New York 12233-7012
Phone: (518) 402-9764 • Fax: (518) 402-9020
Website: www.dec.ny.gov



Joe Martens
Commissioner

Transmitted via E-Mail
**M E M O R A N D U M**

TO:        Maura Desmond, Office of General Counsel, Region 9

FROM:      Laura Zeppetelli, Bureau of Program Management, DER

SUBJECT:   Cost Summary – Tract II Highland Avenue, Site #932136; Related Site #B00022

DATE:      **JUN 1 6 2011**
------------------------------------------------------------------------------------------------------------

This cost recovery summary has been prepared in response to your May 24, 2011 request.
The following summarizes costs incurred by the New York State Department of Environmental
Conservation (NYSDEC) to date. There may be additional future costs associated with this site
that are not included in this summary. Please contact the project manager to determine if
additional future costs are anticipated.

The total unreimbursed costs incurred by DEC in association with the Tract II Highland
Avenue Site are $401,876.84. This amount includes emergency response costs incurred at the site
by a hazardous material spill, if any. Please note that if the site involves a petroleum spill, any
costs incurred by the Oil Spill Fund would be recovered separately by the Office of the State
Comptroller and are not included in this summary.

DEC costs for this site have been included through March 30, 2011 (the latest available
data). Department of Health costs are not readily available. Please note that as indicated on
Exhibit III.A, there is one open Technical Assistance Grant (T304129) for this site for which we
have outstanding obligations in the amount of $41,596.28 and one open contract (Contract
D004441-30) with outstanding obligations in the amount of $817.06. Although Exhibit III.B
indicates that State Assistance Contract C300726 has an outstanding obligation in the amount of
$19,753 00, the investigative work under the Environmental Restoration Program is complete,
and no further payments are expected to be made under this Contract.

Please contact Susan Bolesky at (518) 402-9732, if you have any questions on this
summary.

Attachments
ec:    G. Sutton



EXHIBIT I

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
DIVISION OF ENVIRONMENTAL REMEDIATION
BUREAU OF PROGRAM MANAGEMENT

COST SUMMARY

SITE NAME:        Tract II Highland Avenue
SITE NO.:         932136
RELATED SITE NO.: B00022
TIME FRAME: DEC   Life - 3/30/11

| COST CATEGORY | TOTAL AMOUNTS | 932136 | B00022 | EXHIBIT NO. |
|---|---|---|---|---|
| DIRECT PERSONAL SERVICES | $90,062.89 | $47,843.82 | $42,219.07 | |
| FRINGE | $35,991.58 | $21,983.88 | $14,007.70 | |
| INDIRECT | $37,702.71 | $19,334.80 | $18,367.91 | |
| PERSONAL SERVICES SUBTOTAL | $163,757.18 | $89,162.50 | $74,594.68 | II.A & II.B |
| CONTRACTUAL | $238,119.66 | $176,259.66 | $61,860.00 | III.A & III.B |
| TRAVEL | $0.00 | $0.00 | $0.00 | |
| OTHER NPS | $0.00 | $0.00 | $0.00 | |
| NON-PERSONAL SERVICES SUBTOTAL | $238,119.66 | $176,259.66 | $61,860.00 | |
| DEC TOTAL | $401,876.84 | $265,422.16 | $136,454.68 | |
| DOH TOTAL (NOT AVAILABLE) | N/A | N/A | N/A | |
| MINUS PREVIOUSLY REIMBURSED AMOUNT (IF APPLICABLE) | N/A | N/A | N/A | |
| DEC & DOH TOTAL | $401,876.84 | $265,422.16 | $136,454.68 | |
| COST CAP | N/A | N/A | N/A | |
| GRANDTOTAL | $401,876.84 | $265,422.16 | $138,454.68 | |

New York State Department of Environmental Conservation
Bureau of Federal and Municipal Accounts
Time & Activity Detail Report

EXHIBIT II.A

| T&A Period | T&A Code | Description | Item No. | Payroll Header (Cost Center) | Name | Title | Progm & Loc Code | Average Biweekly Salary | Time Hours | Amount (Including Leave) |
|---|---|---|---|---|---|---|---|---|---|---|
| ** | | | | | | | | | | |
| *Time & Activity Code : | | 9350 | | | | | | | | |
| 12/10/1997 | 9350 | B 9-32 TRACT II HIGH | 47119 | 430221 L2 97 | LINDERCANTWELL, C L | ENVIRNL CONS PGM AIDE | QB/00 | 1281.89 | 3.00 | 61.58 |
| 01/07/1998 | 9350 | B 9-32 TRACT II HIGH | 47119 | 430221 L2 97 | LINDERCANTWELL, C L | ENVIRNL CONS PGM AIDE | QR/00 | 1281.89 | 0.50 | 10.33 |
| 01/07/1998 | 9350 | H 9-32 TRACT II HIGH | 47390 | 430394 L2 97 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 2.00 | 84.33 |
| 03/04/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 97 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 1.00 | 42.17 |
| 04/01/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 3.50 | 145.15 |
| 05/27/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 7.50 | 315.13 |
| 06/24/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 4.50 | 190.33 |
| 07/22/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 3.00 | 126.05 |
| 08/19/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 7.00 | 295.07 |
| 09/16/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2616.37 | 4.00 | 169.18 |
| 10/14/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2602.15 | 1.00 | 41.79 |
| 11/11/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2707.93 | 1.00 | 42.37 |
| 12/09/1998 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2707.93 | 4.50 | 191.26 |
| 01/06/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 98 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2707.93 | 2.50 | 107.32 |
| 01/06/1999 | 9350 | B 9-32 TRACT II HIGH | 47058 | 430221 L2 98 | SCHICK, ROBERT | ENVIRNL ENGINEER 3 | QC/00 | 2707.93 | 1.50 | 64.59 |
| 01/06/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 98 | BARKAT ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2319.62 | 11.00 | 412.57 |
| 03/03/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 98 | BARKAT ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2319.62 | 7.50 | 281.30 |
| 03/31/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 98 | BARKAT ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2319.62 | 3.50 | 131.27 |
| 04/28/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3325.52 | 1.50 | 78.76 |
| 04/28/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT ABUL | ENVIRNL ENGINEER 2 | QA/90 | 3563.27 | 7.00 | 293.84 |
| 05/26/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2700.52 | 2.50 | 102.82 |
| 05/26/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 15.00 | 544.28 |
| 07/21/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2700.52 | 1.50 | 63.97 |
| 07/21/1999 | 9350 | B 9-32 TRACT II H GH | 47391 | 430394 L2 99 | BARKAT ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 16.00 | 584.35 |
| 08/18/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2700.52 | 3.00 | 124.61 |

# New York State Department of Environmental Conservation
## Bureau of Federal and Municipal Accounts
### Time & Activity Detail Report

| T&A Period | T&A Code | Description | Item No. | Payroll Header (Cost Center) | Name | Title | Progm & Loc Code | Average Biweekly Salary | Time Hours | Amount (Including Leave) |
|---|---|---|---|---|---|---|---|---|---|---|
| ** | | | | | | | | | | |
| *Time & Activity Code : | | 9350 | | | | | | | | |
| 08/18/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 13.50 | 493.05 |
| 11/10/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2700.52 | 2.50 | 101.19 |
| 11/10/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 9.00 | 328.70 |
| 12/08/1999 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2700.52 | *.00 | 42.64 |
| 12/08/1999 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 2.00 | 73.04 |
| 01/05/2000 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 99 | KING  DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2700.52 | 4.00 | 170.58 |
| 01/05/2000 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 8.50 | 310.44 |
| 03/01/2000 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT  ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 8.75 | 319.57 |
| 03/29/2000 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 99 | BARKAT  ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2313.27 | 9.25 | 335.73 |
| 04/26/2000 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 00 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3332.93 | 4.50 | 236.76 |
| 07/19/2000 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 00 | KING  DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2707.93 | 3.00 | 127.82 |
| 09/13/2000 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 3618.15 | 6.00 | 372.52 |
| 10/11/2000 | 9350 | B 9-32 TRACT  HIGH | 47390 | 430394 L2 00 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2872.86 | 3.50 | 150.40 |
| 11/08/2000 | 9350 | B 9-32 TRACT I HIGH | 47390 | 430394 L2 00 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2872.86 | 2.50 | 112.64 |
| 11/08/2000 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2450.88 | 24.50 | 973.83 |
| 12/06/2000 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 00 | KING  DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2872.86 | 3.00 | 135.16 |
| 12/06/2000 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2450.88 | 20.75 | 819.24 |
| 01/03/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 00 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2872.86 | *.00 | 46.10 |
| 01/03/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2450.88 | 5.00 | 198.74 |
| 01/31/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 00 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2872.86 | 1.50 | 69.60 |
| 01/31/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2450.88 | 25.50 | 1013.57 |
| 02/28/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/00 | 2450.88 | 56.50 | 2230.70 |
| 03/28/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 00 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2872.86 | 1.00 | 48.25 |
| 03/28/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 00 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2450.88 | 9.00 | 357.73 |
| 04/25/2001 | 9350 | B 9-32 TRACT II HIGH | 47040 | 430221 L2 01 | HALLETT, LINDA R | ENVIRNL PRGM SPEC 1 | QB/00 | 2509.20 | 15.00 | 602.90 |

New York State Department of Environmental Conservation
Bureau of Federal and Municipal Accounts
Time & Activity Detail Report

| T&A Period | T&A Code | Description | Item No. | Payroll Header (Cost Center) | Name | Title | Progm & Loc Code | Average Biweekly Salary | Time Hours | Amount (Including Leave) |
|---|---|---|---|---|---|---|---|---|---|---|
| \*Time & Activity Code : | 9350 | | | | | | | | | |
| 05/23/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 5.50 | 260.17 |
| 05/23/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 8.50 | 346.75 |
| 06/20/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 6.50 | 263.44 |
| 07/18/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 3.50 | 142.78 |
| 08/15/2001 | 9350 | B 9-32 TRACT II HIGH | 47386 | 430394 L2 01 | HINTON, MICHAEL J | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 5.50 | 200.65 |
| 08/15/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 5.50 | 261.96 |
| 08/15/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 20.50 | 774.22 |
| 09/12/2001 | 9350 | B 9-32 TRACT II HIGH | 47386 | 430394 L2 01 | HINTON, MICHAEL J | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 2.00 | 76.01 |
| 09/12/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA 90 | 2973.43 | 2.00 | 92.04 |
| 09/12/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 433394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 27.50 | 1121.83 |
| 10/10/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 2.00 | 88.60 |
| 10/10/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 19.00 | 775.06 |
| 11/07/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 7.50 | 305.95 |
| 12/05/2001 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 32.50 | 1507.72 |
| 12/05/2001 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 4.50 | 183.57 |
| 01/02/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 17.00 | 809.69 |
| 01/02/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 5.00 | 203.97 |
| 01/30/2002 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 01 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2699.88 | 5.00 | 216.22 |
| 01/30/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 8.00 | 381.03 |
| 01/30/2002 | 9350 | B 9-32 TRACT II HIGH | 47155 | 430221 L2 01 | DAVIDSON, BRIAN H | ENGRG GEOLOGIST 2 | QG/00 | 2547.03 | 5.50 | 223.64 |
| 01/30/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 17.00 | 693.49 |
| 02/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47067 | 430221 L2 01 | BELMORE, EDWARD R | ENVIRNL ENGINEER 4 | QE/00 | 3809.56 | 2.00 | 122.02 |
| 02/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 01 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2699.88 | 1.00 | 42.96 |
| 02/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 22.00 | 1047.83 |
| 02/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47154 | 430221 L2 01 | DURNIN, JOHN E | ENVIRNL ENGINEER 2 | QG/00 | 2276.89 | 3.50 | 120.41 |

# New York State Department of Environmental Conservation
## Bureau of Federal and Municipal Accounts
### Time & Activity Detail Report

| T&A Period | T&A Code | Description | Item No. | Payroll Header (Cost Center) | Name | Title | Progrn & Loc Code | Average Biweekly Salary | Time Hours | Amount (including Leave) |
|---|---|---|---|---|---|---|---|---|---|---|
| ** | | | | | | | | | | |
| *Time & Activity Code : | | 9350 | | | | | | | | |
| 02/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 01 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2547.03 | 21.50 | 877.07 |
| 03/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 01 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2699.88 | 1.00 | 43.24 |
| 03/27/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 01 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 2973.43 | 3.00 | 139.61 |
| 04/24/2002 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 02 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2794.39 | 1.00 | 45.11 |
| 04/24/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 4327.49 | 13.50 | 918.58 |
| 04/24/2002 | 9350 | B 9-32 TRACT II HIGH | 47154 | 430221 L2 02 | DURNIN, JOHN E | ENVIRNL ENGINEER 2 | QG/00 | 2426.48 | 1.50 | 58.75 |
| 04/24/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 3886.17 | 18.50 | 1160.69 |
| 05/22/2002 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 02 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2794.39 | 4.00 | 180.45 |
| 05/22/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 15.50 | 745.21 |
| 05/22/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 27.50 | 1170.32 |
| 06/19/2002 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 02 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2794.39 | 1.00 | 44.81 |
| 06/19/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 4.00 | 170.23 |
| 07/17/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 4.00 | 198.71 |
| 07/17/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 13.00 | 553.24 |
| 08/14/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 6.50 | 276.62 |
| 09/11/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 11.00 | 532.32 |
| 09/11/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 39.50 | 1642.75 |
| 10/09/2002 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 2.00 | 96.16 |
| 10/09/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 38.00 | 1617.17 |
| 11/06/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 24.50 | 1022.18 |
| 12/04/2002 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 7.50 | 319.18 |
| 01/29/2003 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 02 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2874.25 | 3.00 | 138.28 |
| 01/29/2003 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 4.50 | 223.54 |
| 02/26/2003 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 6.50 | 304.17 |
| 02/26/2003 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L2 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 9.00 | 380.51 |

# New York State Department of Environmental Conservation
## Bureau of Federal and Municipal Accounts
### Time & Activity Detail Report

| T&A Period | T&A Code | Description | Item No. | Payroll Header (Cost Center) | Name | Title | Progm & Loc Code | Average Biweekly Salary | Time Hours | Amount (Including Leave) |
|---|---|---|---|---|---|---|---|---|---|---|
| ** | | | | | | | | | | |
| *Time & Activity Code : | 9350 | | | | | | | | | |
| 03/26/2003 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 02 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2874.25 | 1.00 | 45.64 |
| 03/26/2003 | 9350 | B 9-32 TRACT II HIGH | 47148 | 430221 L2 02 | RYAN, MICHAEL J | ENVIRNL ENGINEER 3 | QE/00 | 2874.25 | 2.00 | 91.29 |
| 03/26/2003 | 9350 | B 9-32 TRACT II HIGH | 47390 | 430394 L2 02 | KING, DANIEL K | ENVIRNL ENGINEER 3 | QA/90 | 3077.49 | 1.00 | 49.68 |
| 03/26/2003 | 9350 | B 9-32 TRACT II HIGH | 47391 | 430394 L7 02 | BARKAT, ABUL | ENVIRNL ENGINEER 2 | QA/90 | 2636.17 | 12.50 | 531.96 |
| 04/23/2003 | 9350 | B 9-32 TRACT II HIGH | 47129 | 430221 L2 03 | KONSELLA, JEFF | ENVIRNL ENGINEER 2 | QA/90 | 2526.02 | 4.00 | 162.88 |
| 05/21/2003 | 9350 | B 9-32 TRACT II HIGH | 47129 | 430221 L2 03 | KONSELLA, JEFF | ENVIRNL ENGINEER 2 | QA/90 | 2526.02 | 1.00 | 40.72 |
| 03/23/2005 | 9350 | B 9-32 TRACT II HIGH | 47129 | 430221 L6 04 | KONSELLA, JEFF | ENVIRNL ENGINEER 2 | QA/90 | 2667.97 | 6.50 | 279.14 |
| * Subsubtotal * | | | | | | | | | 903.25 | 38597.86 |
| ** Subtotal ** | | | | | | | | | 903.25 | 38597.86 |
| *** Total *** | | | | | | *** Total *** | | | 903.25 | 38597.86 |

|  |  |
|---|---|
| Calculated Fringe Benefits Costs | 12,356.17 |
| Calculated Indirect Overhead Costs | 16,720.04 |
| Total T&A Costs plus Fringe and Indirect | 67,674.07 |

  

## Cost Query - Ad Hoc

Criteria: Timecard Begin Date 3/24/2005 And Timecard End Date 3/30/2011 And Task Code 63192 Or Task Code 9350
Leave Charges: Included
Cost Indicator: Direct
Rate Type: Non-Federal
Download Excel Report
Print

Jump To Employee: All

| Pay Period | Pay Period Dates | Check Date | Cost Center | Variable Year | Budget Year | Employee | Title Description | Work Location Code | Work Location Description | Billable Hourly Rate | State Fringe | State Indirect | Hours | Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Task: 63192 - 932136 TRACT II HIGHLAND AVE. | | | | | | | | | | | | | | |
| 2008/17 | 11/13/2008 - 11/26/2008 | 12/10/2008 | 685224 | LS | 2008 | Charles, James | ASSOC ATTY | 634406 | R9 - Buffalo - Regional HQ | 59.70 | 6.80 | 6.93 | 0.25 | 14.93 |
| 2007/25 | 03/06/2008 - 03/19/2008 | 04/02/2008 | 685119 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 50.84 | 59.69 | 62.72 | 2.50 | 127.10 |
| 2007/26 | 03/20/2008 - 04/02/2008 | 04/16/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 50.84 | 131.31 | 137.99 | 5.50 | 279.82 |
| 2008/1 | 04/03/2008 - 04/16/2008 | 04/30/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 51.51 | 23.46 | 23.91 | 1.00 | 51.51 |
| 2008/2 | 04/17/2008 - 04/30/2008 | 05/14/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 51.51 | 99.72 | 101.61 | 4.25 | 218.92 |
| 2008/4 | 05/15/2008 - 05/28/2008 | 06/11/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 51.51 | 5.87 | 5.98 | 0.25 | 12.88 |
| 2008/5 | 05/29/2008 - 06/11/2008 | 06/25/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 51.51 | 181.84 | 185.29 | 7.75 | 399.20 |
| 2008/8 | 07/10/2008 - 07/23/2008 | 08/06/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 54.65 | 56.01 | 57.07 | 2.25 | 122.96 |
| 2008/17 | 11/13/2008 - 11/26/2008 | 12/10/2008 | 685224 | LS | 2008 | Desmond, Maura | SENR ATTORNEY | 634406 | R9 - Buffalo - Regional HQ | 54.65 | 93.35 | 95.12 | 3.75 | 204.94 |
| 2009/10 | 08/06/2009 - 08/19/2009 | 09/02/2009 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 70.71 | 23.27 | 21.56 | 0.75 | 53.03 |
| 2009/18 | 11/26/2009 - 12/09/2009 | 12/23/2009 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 70.03 | 30.73 | 28.52 | 1.00 | 70.03 |
| 2009/19 | 12/10/2009 - 12/23/2009 | 01/06/2010 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 625127 | Central Office - 625 Broadway | 67.86 | 81.89 | 75.95 | 2.75 | 186.62 |
| 2009/20 | 12/24/2009 - 01/06/2010 | 01/20/2010 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 70.25 | 46.24 | 42.91 | 1.50 | 105.38 |
| 2009/22 | 01/21/2010 - 02/03/2010 | 02/17/2010 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 66.83 | 73.31 | 68.03 | 2.50 | 167.08 |
| 2009/23 | 02/04/2010 - 02/17/2010 | 03/03/2010 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 65.82 | 7.32 | 6.70 | 0.25 | 16.46 |
| 2009/25 | 03/04/2010 - 03/17/2010 | 03/31/2010 | 430221 | L6 | 2009 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 69.59 | 15.27 | 14.17 | 0.50 | 34.80 |
| 2009/26 | 03/18/2010 - 03/31/2010 | 04/14/2010 | 430221 | L6 | 2010 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 68.93 | 30.25 | 28.07 | 1.00 | 68.93 |
| 2010/1 | 04/01/2010 - 04/14/2010 | 04/28/2010 | 430221 | L6 | 2010 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 71.38 | 17.28 | 12.43 | 0.50 | 35.69 |
| 2010/2 | 04/15/2010 - 04/28/2010 | 05/12/2010 | 430221 | L6 | 2010 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 74.90 | 9.07 | 8.52 | 0.25 | 18.73 |
| 2010/12 | 09/02/2010 - 09/15/2010 | 09/29/2010 | 430221 | L8 | 2010 | Knizek, Robert | ENVIRNL ENGINEER 4 | 615127 | Central Office - 625 Broadway | 73.93 | 35.80 | 25.75 | 1.00 | 73.93 |
| 2007/16 | 11/01/2007 - 11/14/2007 | 11/28/2007 | 685135 | LS | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 22.68 | 23.83 | 1.00 | 48.29 |
| 2007/21 | 01/10/2008 - 01/23/2008 | 02/06/2008 | 685135 | LS | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 68.03 | 71.46 | 3.00 | 144.87 |
| 2007/22 | 01/24/2008 - 02/06/2008 | 02/20/2008 | 685135 | LS | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 113.38 | 119.15 | 5.00 | 241.45 |
| 2007/23 | 02/07/2008 - 02/20/2008 | 03/05/2008 | 685135 | LS | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 294.80 | 309.80 | 13.00 | 627.77 |
| 2007/24 | 02/21/2008 - 03/05/2008 | 03/19/2008 | 685135 | LS | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 158.74 | 166.82 | 7.00 | 338.03 |
| 2007/25 | 03/06/2008 - 03/19/2008 | 04/02/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 22.68 | 23.83 | 1.00 | 48.29 |
| 2007/26 | 03/20/2008 - 04/02/2008 | 04/16/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 11.34 | 11.92 | 0.50 | 24.15 |
| 2008/2 | 04/17/2008 - 04/30/2008 | 05/14/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.93 | 66.86 | 68.13 | 3.00 | 146.79 |
| 2008/3 | 05/01/2008 - 05/14/2008 | 05/28/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.76 | 11.11 | 11.32 | 0.50 | 24.38 |
| 2008/4 | 05/15/2008 - 05/28/2008 | 06/11/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.93 | 33.43 | 34.07 | 1.50 | 73.40 |

| Period | Date | No | | Year | Name | Title | | Org | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2008/5 | 05/29/2008 06/11/2008 | 06/25/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.93 | 22.29 | 22.71 | 1.00 | 48.93 |
| 2008/8 | 07/10/2008 07/23/2008 | 08/06/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 11.82 | 12.05 | 0.50 | 25.96 |
| 2008/9 | 07/24/2008 08/06/2008 | 08/20/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 248.27 | 252.99 | 10.50 | 545.06 |
| 2008/10 | 08/07/2008 08/20/2008 | 09/03/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.73 | 129.80 | 132.06 | 5.50 | 284.52 |
| 2008/11 | 08/21/2008 09/03/2008 | 09/17/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 603.95 | 614.41 | 25.50 | 1,323.71 |
| 2008/12 | 09/04/2008 09/17/2008 | 10/01/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 496.55 | 505.99 | 21.00 | 1,090.11 |
| 2008/13 | 09/18/2008 10/01/2008 | 10/15/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 165.52 | 168.66 | 7.00 | 363.37 |
| 2008/14 | 10/02/2008 10/15/2008 | 10/29/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 94.58 | 96.38 | 4.00 | 207.64 |
| 2008/15 | 10/16/2008 10/29/2008 | 11/12/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 59.11 | 60.24 | 2.50 | 129.78 |
| 2008/16 | 10/30/2008 11/12/2008 | 11/26/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 46.48 | 105.86 | 107.87 | 5.00 | 232.40 |
| 2008/17 | 11/13/2008 11/26/2008 | 12/10/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 177.34 | 180.71 | 7.50 | 389.33 |
| 2008/18 | 11/27/2008 12/10/2008 | 12/24/2008 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 23.65 | 24.10 | 1.00 | 51.91 |
| 2008/19 | 12/11/2008 12/24/2008 | 01/07/2009 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 319.21 | 325.28 | 13.50 | 700.79 |
| 2008/20 | 12/25/2008 01/07/2009 | 01/21/2009 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 11.82 | 12.05 | 0.50 | 25.96 |
| 2008/21 | 01/08/2009 01/21/2009 | 02/04/2009 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 106.40 | 108.42 | 4.50 | 233.60 |
| 2008/22 | 01/22/2009 02/04/2009 | 02/18/2009 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.22 | 58.33 | 59.44 | 2.50 | 128.05 |
| 2008/23 | 02/05/2009 02/18/2009 | 03/04/2009 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 141.87 | 144.57 | 6.00 | 311.46 |
| 2008/24 | 02/19/2009 03/04/2009 | 03/18/2009 | 685135 | LS | 2008 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 177.34 | 180.71 | 7.50 | 389.33 |
| 2008/25 | 03/05/2009 03/18/2009 | 04/01/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.91 | 47.29 | 48.19 | 2.00 | 103.82 |
| 2008/26 | 03/19/2009 04/01/2009 | 04/15/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.22 | 466.61 | 475.48 | 20.00 | 1,024.40 |
| 2009/1 | 04/02/2009 04/15/2009 | 04/29/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 355.99 | 330.33 | 15.50 | 811.27 |
| 2009/2 | 04/16/2009 04/29/2009 | 05/13/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 11.48 | 10.65 | 0.50 | 26.17 |
| 2009/3 | 04/30/2009 05/13/2009 | 05/27/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 103.35 | 95.90 | 4.50 | 235.53 |
| 2009/4 | 05/14/2009 05/27/2009 | 06/10/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 160.77 | 149.18 | 7.00 | 366.38 |
| 2009/5 | 05/28/2009 06/10/2009 | 06/24/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 51.99 | 136.88 | 127.02 | 6.00 | 311.94 |
| 2009/6 | 06/11/2009 06/24/2009 | 07/08/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 218.18 | 202.46 | 9.50 | 497.23 |
| 2009/7 | 06/25/2009 07/08/2009 | 07/22/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 28.71 | 26.64 | 1.25 | 65.43 |
| 2009/8 | 07/09/2009 07/22/2009 | 08/05/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 424.86 | 394.27 | 18.50 | 968.29 |
| 2009/9 | 07/23/2009 08/05/2009 | 08/19/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 114.82 | 106.56 | 5.00 | 261.70 |
| 2009/10 | 08/06/2009 08/19/2009 | 09/02/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 396.18 | 367.63 | 17.25 | 902.87 |
| 2009/11 | 08/20/2009 09/02/2009 | 09/16/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 390.44 | 362.30 | 17.00 | 889.78 |
| 2009/12 | 09/03/2009 09/16/2009 | 09/30/2009 | 685135 | LD | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 757.90 | 703.29 | 33.00 | 1,727.22 |
| 2009/13 | 09/17/2009 09/30/2009 | 10/14/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 160.77 | 149.18 | 7.00 | 366.38 |
| 2009/14 | 10/01/2009 10/14/2009 | 10/28/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 511.01 | 474.19 | 22.25 | 1,164.57 |
| 2009/15 | 10/15/2009 10/28/2009 | 11/10/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 367.47 | 340.99 | 16.00 | 837.44 |
| 2009/16 | 10/29/2009 11/11/2009 | 11/25/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 172.25 | 159.84 | 7.50 | 392.55 |
| 2009/17 | 11/12/2009 11/25/2009 | 12/09/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 11.48 | 10.65 | 0.50 | 26.17 |
| 2009/18 | 11/26/2009 12/09/2009 | 12/23/2009 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 396.18 | 367.63 | 17.25 | 902.87 |
| 2009/19 | 12/10/2009 12/23/2009 | 01/06/2010 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 355.99 | 330.33 | 15.50 | 811.27 |
| 2009/20 | 12/24/2009 01/06/2010 | 01/20/2010 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 361.73 | 335.66 | 15.75 | 824.36 |
| 2009/21 | 01/07/2010 01/20/2010 | 02/03/2010 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 373.21 | 346.32 | 16.25 | 850.53 |
| 2009/22 | 01/21/2010 02/03/2010 | 02/17/2010 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 470.82 | 436.89 | 20.50 | 1,072.97 |
| 2009/23 | 02/04/2010 02/17/2010 | 03/03/2010 | 685135 | LD | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 298.57 | 277.05 | 13.00 | 680.42 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009/24 | 02/18/2010 - 03/03/2010 | 03/17/2010 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 63.16 | 58.61 | 2.75 | 143.94 |
| 2009/25 | 03/04/2010 - 03/17/2010 | 03/31/2010 | 685135 | LS | 2009 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 120.58 | 111.85 | 5.25 | 274.79 |
| 2009/26 | 03/18/2010 - 03/31/2010 | 04/14/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 52.34 | 229.67 | 213.12 | 10.00 | 523.40 |
| 2010/1 | 04/01/2010 - 04/14/2010 | 04/28/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 54.37 | 421.30 | 303.05 | 16.00 | 869.92 |
| 2010/2 | 04/15/2010 - 04/28/2010 | 05/12/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 53.65 | 772.99 | 556.02 | 29.75 | 1,596.09 |
| 2010/3 | 04/29/2010 - 05/12/2010 | 05/26/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 416.25 | 299.41 | 14.75 | 859.48 |
| 2010/4 | 05/13/2010 - 05/26/2010 | 06/09/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 677.20 | 487.16 | 24.00 | 1,398.48 |
| 2010/5 | 05/27/2010 - 06/09/2010 | 06/23/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 437.41 | 314.64 | 15.50 | 903.19 |
| 2010/6 | 06/10/2010 - 06/23/2010 | 07/07/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 769.00 | 553.16 | 27.25 | 1,587.86 |
| 2010/7 | 06/24/2010 - 07/07/2010 | 07/21/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 366.86 | 263.89 | 13.00 | 757.51 |
| 2010/8 | 07/08/2010 - 07/21/2010 | 08/04/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 444.47 | 319.71 | 15.75 | 917.75 |
| 2010/9 | 07/22/2010 - 08/04/2010 | 08/18/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 479.74 | 345.09 | 17.00 | 990.59 |
| 2010/10 | 08/05/2010 - 08/18/2010 | 09/01/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 246.95 | 177.62 | 8.75 | 509.86 |
| 2010/11 | 08/19/2010 - 09/01/2010 | 09/15/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 409.19 | 294.34 | 14.50 | 844.92 |
| 2010/12 | 09/02/2010 - 09/15/2010 | 09/29/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 500.91 | 360.31 | 17.75 | 1,034.29 |
| 2010/13 | 09/16/2010 - 09/29/2010 | 10/13/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 126.99 | 91.35 | 4.50 | 262.22 |
| 2010/14 | 09/30/2010 - 10/13/2010 | 10/27/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 218.71 | 157.32 | 7.75 | 451.59 |
| 2010/15 | 10/14/2010 - 10/27/2010 | 11/10/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 253.98 | 182.69 | 9.00 | 524.43 |
| 2010/16 | 10/28/2010 - 11/10/2010 | 11/24/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 211.65 | 152.25 | 7.50 | 437.03 |
| 2010/17 | 11/11/2010 - 11/24/2010 | 12/08/2010 | 685135 | LS | 2010 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 58.27 | 49.38 | 35.52 | 1.75 | 101.97 |
| 2007/16 | 11/01/2007 - 11/14/2007 | 11/28/2007 | 685135 | LS | 2007 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 28.91 | 67.88 | 71.33 | 5.00 | 144.55 |
| 2007/23 | 02/07/2008 - 02/20/2008 | 03/05/2008 | 685135 | LS | 2007 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 28.91 | 13.58 | 14.27 | 1.00 | 28.91 |
| 2007/24 | 02/21/2008 - 03/05/2008 | 03/19/2008 | 685135 | LS | 2007 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 28.91 | 40.73 | 42.80 | 3.00 | 86.73 |
| 2007/25 | 03/06/2008 - 03/19/2008 | 04/02/2008 | 685135 | LS | 2008 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 28.91 | 54.30 | 57.02 | 4.00 | 115.64 |
| 2007/26 | 03/20/2008 - 04/02/2008 | 04/16/2008 | 685135 | LS | 2008 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 28.91 | 13.58 | 14.27 | 1.00 | 28.91 |
| 2008/1 | 04/03/2008 - 04/16/2008 | 04/30/2008 | 685135 | LS | 2008 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 29.29 | 26.68 | 27.19 | 2.00 | 58.58 |
| 2008/2 | 04/17/2008 - 04/30/2008 | 05/14/2008 | 685135 | LS | 2008 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 29.29 | 133.42 | 135.95 | 10.00 | 292.90 |
| 2008/18 | 11/27/2008 - 12/10/2008 | 12/24/2008 | 685135 | LS | 2008 | Meloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 30.81 | 94.73 | 96.52 | 6.75 | 207.97 |
| 2007/23 | 02/07/2008 - 02/20/2008 | 01/09/2008 | 223014 | H1 | 2007 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 53.36 | 50.12 | 52.67 | 2.00 | 106.72 |
| 2007/24 | 02/21/2008 - 03/05/2008 | 01/19/2008 | 223014 | H1 | 2007 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 53.87 | 50.59 | 53.17 | 2.00 | 107.74 |
| 2007/25 | 03/06/2008 - 03/19/2008 | 04/02/2008 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 52.03 | 36.65 | 38.52 | 1.50 | 78.05 |
| 2008/1 | 05/01/2008 - 05/14/2008 | 05/28/2008 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 53.80 | 12.25 | 12.48 | 0.50 | 26.90 |
| 2008/5 | 05/29/2008 - 06/11/2008 | 06/25/2008 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 54.14 | 24.66 | 25.13 | 1.00 | 54.14 |
| 2008/10 | 08/07/2008 - 08/20/2008 | 09/03/2008 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 58.55 | 26.67 | 27.18 | 1.00 | 58.55 |
| 2008/11 | 08/21/2008 - 09/03/2008 | 09/17/2008 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 58.93 | 275.14 | 280.37 | 10.25 | 604.03 |
| 2008/12 | 09/04/2008 - 09/17/2008 | 10/01/2008 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 51.27 | 23.35 | 23.80 | 1.00 | 51.27 |
| 2008/21 | 01/08/2009 - 01/21/2009 | 02/04/2009 | 223014 | H1 | 2008 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 56.90 | 25.92 | 26.41 | 1.00 | 56.90 |
| 2009/10 | 08/06/2009 - 08/19/2009 | 09/02/2009 | 223014 | H1 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 59.81 | 39.37 | 36.53 | 1.50 | 89.72 |
| 2009/12 | 09/03/2009 - 09/16/2009 | 09/30/2009 | 223014 | H1 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 60.00 | 342.26 | 317.60 | 13.00 | 780.00 |
| 2009/13 | 09/17/2009 - 09/30/2009 | 10/14/2009 | 223014 | H1 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 57.91 | 127.05 | 117.90 | 5.00 | 289.55 |
| 2009/17 | 11/12/2009 - 11/25/2009 | 12/09/2009 | 430394 | L6 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 59.04 | 25.91 | 24.04 | 1.00 | 59.04 |
| 2009/18 | 11/26/2009 - 12/09/2009 | 12/23/2009 | 430394 | L6 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 59.04 | 77.72 | 72.12 | 3.00 | 177.12 |
| 2009/19 | 12/10/2009 - 12/23/2009 | 01/06/2010 | 430394 | L6 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 59.61 | 78.47 | 72.82 | 3.00 | 178.83 |

| Pay Period | Date Range | Date | Code | Grade | Year | Name | Title | ID | Location | Rate | Val1 | Val2 | Hrs | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009/20 | 12/24/2009 - 01/06/2010 | 01/20/2010 | 430394 | L6 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 60.60 | 53.18 | 49.35 | 2.00 | 121.20 |
| 2009/22 | 01/21/2010 - 02/03/2010 | 02/17/2010 | 430394 | L8 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 56.66 | 49.72 | 46.14 | 2.00 | 113.32 |
| 2009/23 | 02/04/2010 - 02/17/2010 | 03/03/2010 | 430394 | L8 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 59.81 | 39.37 | 36.53 | 1.50 | 89.72 |
| 2009/25 | 03/04/2010 - 03/17/2010 | 03/31/2010 | 430394 | L8 | 2009 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 58.10 | 76.48 | 70.97 | 3.00 | 174.30 |
| 2009/26 | 03/18/2010 - 03/31/2010 | 04/14/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 54.98 | 12.08 | 11.19 | 0.50 | 27.48 |
| 2010/1 | 04/01/2010 - 04/14/2010 | 04/28/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 61.93 | 74.98 | 53.94 | 2.50 | 154.03 |
| 2010/2 | 04/15/2010 - 04/28/2010 | 05/12/2010 | 430394 | L5 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 60.74 | 117.67 | 54.64 | 4.00 | 242.96 |
| 2010/4 | 05/13/2010 - 05/26/2010 | 06/09/2010 | 430394 | L5 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 65.69 | 31.81 | 22.88 | 1.00 | 95.69 |
| 2010/6 | 06/10/2010 - 06/23/2010 | 07/07/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 65.05 | 63.01 | 45.32 | 2.00 | 130.10 |
| 2010/7 | 06/24/2010 - 07/07/2010 | 07/21/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 64.84 | 62.80 | 45.18 | 2.00 | 129.68 |
| 2010/8 | 07/08/2010 - 07/21/2010 | 08/04/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 65.26 | 63.21 | 45.47 | 2.00 | 130.52 |
| 2010/10 | 08/05/2010 - 08/18/2010 | 09/01/2010 | 430394 | L8 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 65.48 | 63.42 | 45.62 | 2.00 | 130.96 |
| 2010/11 | 08/19/2010 - 09/01/2010 | 09/15/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 66.35 | 32.13 | 23.11 | 1.00 | 66.35 |
| 2010/12 | 09/02/2010 - 09/15/2010 | 09/29/2010 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 63.60 | 200.21 | 144.03 | 6.50 | 413.40 |
| 2010/13 | 09/16/2010 - 09/29/2010 | 10/13/2010 | 430394 | L8 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 65.48 | 79.28 | 57.03 | 2.50 | 163.70 |
| 2010/22 | 01/20/2011 - 02/02/2011 | 02/16/2011 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 61.64 | 134.34 | 96.63 | 4.50 | 277.38 |
| 2010/23 | 02/03/2011 - 02/16/2011 | 03/02/2011 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 64.01 | 46.50 | 33.45 | 1.50 | 96.02 |
| 2010/25 | 03/03/2011 - 03/16/2011 | 03/30/2011 | 430394 | L6 | 2010 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 60.52 | 29.31 | 21.08 | 1.00 | 60.52 |

**Task #3192 Sub Total:** 21,983.68  19,334.80  892.50  47,843.82

**Task: 8350 - B00022-9 TRACT 13 HIGHLAND AVE.**

| Pay Period | Date Range | Date | Code | Grade | Year | Name | Title | ID | Location | Rate | Val1 | Val2 | Hrs | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009/20 | 12/24/2009 - 01/06/2010 | 01/20/2010 | 430221 | L8 | 2009 | Harrington, James | ENVIRNL ENGINEER 3 | 615127 | Central Office - 625 Broadway | 59.23 | 90.97 | 84.41 | 3.50 | 207.31 |
| 2004/27 | 03/24/2005 - 04/06/2005 | 04/20/2005 | 430221 | L8 | 2005 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 45.03 | 86.19 | 76.76 | 3.50 | 157.63 |
| 2005/10 | 08/11/2005 - 08/24/2005 | 09/07/2005 | 430221 | L6 | 2005 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 46.56 | 10.53 | 10.89 | 0.50 | 23.38 |
| 2005/14 | 10/06/2005 - 10/19/2005 | 11/02/2005 | 430221 | L8 | 2005 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 46.56 | 21.06 | 21.79 | 1.00 | 46.56 |
| 2006/10 | 08/10/2006 - 08/23/2006 | 09/06/2006 | 430221 | L8 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.36 | 141.08 | 137.45 | 6.50 | 302.97 |
| 2006/11 | 08/24/2006 - 09/06/2006 | 09/20/2006 | 430221 | L8 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 130.23 | 126.88 | 6.00 | 284.28 |
| 2006/12 | 09/07/2006 - 09/20/2006 | 10/04/2006 | 430221 | L8 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 10.85 | 10.57 | 0.50 | 23.69 |
| 2006/13 | 09/21/2006 - 10/04/2006 | 10/18/2006 | 430221 | L8 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 10.85 | 10.57 | 0.50 | 23.69 |
| 2006/14 | 10/05/2006 - 10/18/2006 | 11/01/2006 | 430221 | L8 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 86.82 | 84.59 | 4.00 | 189.52 |
| 2006/15 | 10/19/2006 - 11/01/2006 | 11/15/2006 | 430221 | L6 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 21.70 | 21.15 | 1.00 | 47.38 |
| 2006/16 | 11/02/2006 - 11/15/2006 | 11/29/2006 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 195.34 | 190.32 | 9.00 | 426.42 |
| 2006/19 | 12/14/2006 - 12/27/2006 | 01/10/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.30 | 43.41 | 42.29 | 2.00 | 94.76 |
| 2006/20 | 12/28/2006 - 01/10/2007 | 01/24/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 86.82 | 84.59 | 4.00 | 189.52 |
| 2006/22 | 01/25/2007 - 02/07/2007 | 02/21/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 21.70 | 21.15 | 1.00 | 47.38 |
| 2006/23 | 02/08/2007 - 02/21/2007 | 03/07/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 21.70 | 21.15 | 1.00 | 47.38 |
| 2006/24 | 02/22/2007 - 03/07/2007 | 03/21/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 47.38 | 206.20 | 200.90 | 9.50 | 450.11 |
| 2007/1 | 04/05/2007 - 04/18/2007 | 05/02/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 22.68 | 23.83 | 1.00 | 48.29 |
| 2007/3 | 05/03/2007 - 05/16/2007 | 05/30/2007 | 685135 | L5 | 2006 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 11.34 | 11.92 | 0.50 | 24.15 |
| 2007/14 | 10/04/2007 - 10/17/2007 | 10/31/2007 | 685135 | L5 | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 48.29 | 11.34 | 11.92 | 0.50 | 24.15 |
| 2007/15 | 10/18/2007 - 10/31/2007 | 11/14/2007 | 685135 | L5 | 2007 | Konsella, Jeff | ENVIRNL ENGINEER 2 | 634406 | R9 - Buffalo - Regional HQ | 45.56 | 53.49 | 56.21 | 2.50 | 113.90 |
| 2007/16 | 11/01/2007 - 11/14/2007 | 11/28/2007 | 685135 | L5 | 2007 | Malloughney, Debra | ENVIRONMENTAL PROGRAM SPECIALIST 1 | 615127 | Central Office - 625 Broadway | 28.91 | 27.15 | 28.53 | 2.00 | 57.82 |
| 2005/6 | 06/16/2005 - 06/29/2005 | 07/13/2005 | 223014 | H1 | 2005 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 47.62 | 107.72 | 111.42 | 5.00 | 238.10 |
| 2005/11 | 08/25/2005 - 09/07/2005 | 09/21/2005 | 223014 | H1 | 2005 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo - Regional HQ | 49.62 | 44.90 | 46.44 | 2.00 | 99.24 |
| 2005/24 | 02/23/2006 - | 03/22/2006 | 223014 | H1 | 2005 | Sutton, | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo | 44.44 | 40.21 | 41.59 | 2.00 | 88.88 |

| | | 03/08/2006 | | | | | Gregory | | | Regional HQ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2006/11 | 08/24/2006 - 09/06/2006 | 09/20/2006 | 223014 | H1 | 7006 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo Regional HQ | 51 54 | 23 61 | 23.00 | 1 00 | 51 54 |
| 2006/12 | 09/07/2006 - 09/20/2006 | 10/04/2006 | 223014 | H1 | 2006 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo Regional HQ | 48 58 | 44 51 | 43.37 | 2 00 | 97 16 |
| 2007/15 | 10/18/2007 - 10/31/2007 | 11/14/2007 | 223014 | H1 | 2007 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo Regional HQ | 50 77 | 35.76 | 37.58 | 1 50 | 78 16 |
| 2007 22 | 01/24/2008 - 02/06/2008 | 02/20/2008 | 223014 | H1 | 2007 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 - Buffalo Regional HQ | 54 40 | 38 12 | 40.22 | 1 50 | 81 80 |
| 2007/23 | 02/07/2008 - 02/20/2008 | 03/05/2008 | 223014 | H1 | 2007 | Sutton, Gregory | ENVIRNL ENGINEER 3 | 634406 | R9 Buffalo Regional HQ | 53 36 | 25 06 | 26 33 | 1 00 | 53 36 |
| | | | | | | | | | | Report Total: | 23,635 41 | 20,982.67 | 960.50 | 51,465 03 |

Copyright © 2001 - 2011 CMA, Inc All rights reserved
Licensed To NYS DEC   LATS
LATS^net Version: 8.3.1B

New York State Department of Environmental Conservation
Division of Environmental Remediation
Payments/Encumbered Amounts - Summary
*(Based on Sites)*

**EXHIBIT III.A**

Date: 6/9/2011

Page No.:  1

Site ID:      952136  –  Tract II Highland Ave

| Project Type | Fund Source | Contract No. | WA No. | Contractor Name | | Encumbered Amount | Payment Amount |
|---|---|---|---|---|---|---|---|
| Remedial Investigation | HWRF | T304129 | | PEOPLE AND POSSIBILITIES, INC. | | $50,000.00 | $8,403.72 |
| | | | | | Sub. Total on Proj. Type: | $50,000.00 | $8,403.72 |
| Remedial Design | HWCA | D004441 | 30 | EA ENGINEERING D/C | | $168,673.00 | $167,855.94 |
| | | | | | Sub. Total on Proj. Type: | $168,673.00 | $167,855.94 |
| | | | | | Total Enc. Amt: | $218,673.00 | $176,259.66 |

New York State Department of Environmental Conservation
Division of Environmental Remediation
Payments/Encumbered Amounts - Summary
*(Based on Sites)*

**EXHIBIT III β**

Date: 6/9/2011

Page No.: 1

Site ID:   H00022   -   Tract II Highland Ave

| Project Type | Fund Source | Contract No. | WA No. | Contractor Name | Encumbered Amount | Payment Amount |
|---|---|---|---|---|---|---|
| Remedial Investigation | 96 CWCA | C300726 | | CITY OF NIAGARA FALLS | $19,753.00 | $0.00 |
| | | | | Sub. Total on Proj. Type: | $19,753.00 | $0.00 |
| Brownfields Investigation | 96 CWCA | C300726 | | CITY OF NIAGARA FALLS | $61,860.00 | $61,860.00 |
| | | | | Sub. Total on Proj. Type: | $61,860.00 | $61,860.00 |
| | | | | Total Enc. Amt: | $81,613.00 | $61,860.00 |

Exhibit "D"
PRE-DESIGN WORK PLAN

21

# Honeywell

.

## PREDESIGN STUDY WORK PLAN
## TRACT I AND TRACT II SITES, NIAGARA FALLS, NY
## NYSDEC SITE ID NO.: 932136

*Prepared for:*

### HONEYWELL INTERNATIONAL, INC.
### 101 COLUMBIA ROAD
### MORRISTOWN, NEW JERSEY

*Prepared by:*

### Mactec Engineering and Consulting, Inc.
### 800 North Bell Avenue
### Carnegie, Pennsylvania 15106

Mactec Project No. 3410100775

**JUNE 20, 2011**

# Honeywell

**PREDESIGN STUDY WORK PLAN
TRACT I AND TRACT II SITES, NIAGARA FALLS, NY
NYSDEC SITE ID NO.: 932136**

*Prepared for:*
**HONEYWELL INTERNATIONAL, INC.
101 COLUMBIA ROAD
MORRISTOWN, NEW JERSEY**

*Prepared by:*

Eric Weiler
Project Engineer

Robert E. Crowley
Senior Principal Scientist

I certify that I am currently a NYS registered professional engineer and that this Work Plan
was prepared in substantial conformance with the DER Technical Guidance for Site
Investigation and Remediation (DER-10)

Stuart C. Pearson, P.E.
Principal Engineer

i

*Tract I and Tract II Predesign Study Work Plan*
*Niagara Falls, New York*
*Mactec Engineering and Consulting, Inc. – 3410100775*

*June 20, 2011*

## TABLE OF CONTENTS

| | | |
|---|---|---|
| **1.0** | **INTRODUCTION** | 1-1 |
| 1.1 | BACKGROUND AND SITE CONDITIONS | 1-1 |
| 1.2 | ANTICIPATED OBJECTIVES AND SCOPE OF REMEDIAL MEASURES | 1-3 |
| 1.3 | DATA NEEDS FOR REMEDIAL ACTION | 1-3 |
| 1.4 | PROJECT ORGANIZATION | 1-4 |
| 1.5 | ORGANIZATION OF WORK PLAN | 1-5 |
| **2.0** | **SAMPLING AND ANALYSIS PLAN** | 2-1 |
| 2.1 | TRACT I PREDESIGN SAMPLING | 2-1 |
| 2.2 | TRACT II PREDESIGN SAMPLING | 2-2 |
| 2.3 | TREATABILITY STUDY | 2-3 |
| 2.4 | X-RAY FLUORESCENCE INSTRUMENT | 2-4 |
| 2.5 | BUILDING EVALUATION | 2-4 |
| **3.0** | **DATA EVALUATION AND QUALITY ASSURANCE** | 3-1 |
| **4.0** | **HEALTH AND SAFETY** | 4-1 |
| **5.0** | **SCHEDULE** | 5-1 |
| **6.0** | **REFERENCES** | 6-1 |

**LIST OF ACRONYMS**

**LIST OF FIGURES**

**LIST OF APPENDICES**