UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HONEYWELL INTERNATIONAL INC.,

                Plaintiff,

    v.

R.R. DONNELLY & SONS COMPANY,
LSC COMMUNICATIONS, INC.,
DONNELLY FINANCIAL SOLUTIONS, INC.,

                Defendants.

**DECISION AND ORDER**

16CV969S

R.R. DONNELLY & SONS COMPANY,
LSC COMMUNICATIONS, INC.,
DONNELLY FINANCIAL SOLUTIONS, INC.,

                Third-Party Plaintiffs,

    v.

NIAGARA COMMUNITY ACTION
PROGRAM, INC.; TRACT II BETTERMENT,
INC.; CITY OF NIAGARA FALLS; and
NIAGARA MOHAWK POWER
CORPORATION,

                Third-Party Defendants.

## I.    Introduction

Before this Court are the motions of Third-Party Defendants City of Niagara Falls

(Docket No. 52) (or the "City") and Niagara Mohawk Power Corporation (Docket No. 53)

(or "NiMo") to dismiss the Third-Party Complaint.  Responses to these motions were due

by September 29, 2017 (Docket No. 55), which Defendant-Third-Party Plaintiffs

R.R. Donnelley & Sons and affiliates[1] (collectively "Third-Party Plaintiffs") duly filed (Docket No. 58), and replies were due by October 6, 2017 (Docket No. 55), which movants each filed (Docket Nos. 59 (City), 60 (NiMo)).  These motions then were deemed submitted without oral argument.

For the reasons stated herein, Defendant City's Motion (Docket No. 52) to dismiss the Third-Party Complaint is **granted** and Defendant NiMo's Motion (Docket No. 53) for the same relief is **granted**.

## II.   BACKGROUND

### A.  Complaint and Third-Party Complaint

This is a CERCLA action, Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq. ("CERCLA"), by owners of a parcel in Niagara Falls, New York, to recover $7.9 million in unreimbursed past remediation costs (as well as declaration of entitlement to recover future costs) for that parcel from the other owners or successors of owners of that parcel.  Plaintiff Honeywell International Inc. described this parcel, the Tract II site, 3001 and 3123 Highland Avenue, Niagara Falls, New York, as 19.25± acres north of Beech Avenue between Highland Avenue and 17th Street up to the former Power City Warehouse property in Niagara Falls (Docket No. 19, Am. Compl. ¶¶ 2, 3; see Docket No. 38, Am. Third-Party Compl. ¶ 17).  Plaintiff (or its predecessors) owned an 11.5-acre portion of Tract II identified as the "Honeywell Parcel" (Docket No. 19, Am. Compl. ¶ 4; see Docket No. 38, Am. Third-Party

---

[1]The other Defendants/Third-Party Plaintiffs, LSC Communications and Donnelley Financial Solutions, are spun off entities from R.R. Donnelley, Docket No. 19, Am. Compl. ¶ 40; Docket No. 23, Ans. to Am. Compl. ¶ 40.

Compl. ¶ 18).   The remaining 6.5 acres of Tract II constitutes the "Moore Parcel," 3001 Highland Avenue (Docket No. 19, Am. Compl. ¶¶ 2, 20; <u>see</u> Docket No. 38, Am. Third-Party Compl. ¶ 19).   Plaintiff alleges that from 1902 to 1971, several buildings and structures were situated on the Moore Parcel used for business forms production and manufacturing (Docket No. 19, Am. Compl. ¶ 21; <u>see</u> Docket No. 38, Am. Third-Party Compl. ¶ 20).   Plaintiff and later the Third-Party Plaintiffs recount the ownership for the Moore Parcel since 1902, leading to corporations acquired by R.R. Donnelley & Sons (Docket No. 19, Am. Compl. ¶¶ 21-39; <u>see</u> Docket No. 38, Am. Third-Party Compl. ¶¶ 21-24).   Plaintiff also recounts the development of the Moore Parcel during this same period (Docket No. 19, Am. Compl. ¶¶ 45-48), stating that the printing operations there used lead-based printing plates on site (<u>id.</u> ¶¶ 49-50; <u>see</u> Docket No. 38, Am. Third-Party Compl. ¶ 25).   Plaintiff alleges that these operations resulted in release of hazardous materials on site, such as lead, polyaromatic hydrocarbons, petroleum, polychlorinated biphenyls and friable asbestos (Docket No. 19, Am. Compl. ¶¶ 52-56; <u>see</u> Docket No. 38, Am. Third-Party Compl. ¶¶ 26-27).

In 2003, the New York State Department of Environmental Conservation ("DEC") issued a record of decision that required remediation at the Moore Parcel (Docket No. 38, Am. Third-Party Compl. ¶ 28).   The DEC identified Plaintiff and R.R. Donnelley & Sons as potential responsible parties (or "PRPs") for contamination at the Tract II site.   The DEC also identified now Third-Party Defendants City and NiMo as PRPs because of their title ownership of the site.   (Docket No. 19, Am. Compl. ¶ 5.)   Plaintiff cooperated with the DEC and remediated Tract II, reimbursing the DEC for certain investigation and remediation costs, incurring approximately $7.9 million on the Moore Parcel and a total

of $19.9 million in site costs (id. ¶¶ 6-8, 76; see Docket No. 38, Am. Third-Party Compl. ¶¶ 30-33).  Plaintiff seeks to recoup the unreimbursed costs for remediation of the Moore Parcel from Third-Party Plaintiffs as well as a declaratory judgment of Plaintiff's entitlement to recover future costs (Docket No. 19, Am. Compl. ¶¶ 79-92, 94-102, 104-06).

The Third-Party Plaintiffs answered (Docket No. 23), asserting as an affirmative defense that any hazardous substances on the Moore Parcel were due solely to the acts or omissions of Plaintiff and Third-Party Defendants Niagara Community Action Program, Inc., the City, and NiMo (id. Second Affirmative Defense), the other title owners of the Moore Parcel.  The Third-Party Plaintiffs also asserted counterclaims against Plaintiff (id. at pages 22-25).  Plaintiff answered the Third-Party Plaintiffs' counterclaims (Docket No. 33).

Meanwhile, this case was referred to Magistrate Judge Leslie Foschio for pretrial proceedings on May 24, 2017 (Docket No. 25).  Magistrate Judge Foschio scheduled a Scheduling Conference for July 19, 2017 (Docket No. 26), which was not held (as discussed below).

On June 2, 2017, the Third-Party Plaintiffs filed their Third-Party Complaint (Docket No. 27) and on July 13, 2017, they amended that pleading (Docket No. 38), seeking in both pleadings contribution for the equitable portion of liability attributable to Third-Party Defendants City, NiMo, and two non-for-profit corporations (Niagara Community Action Program and Tract II Betterment, Inc.) that have yet to appear in this action.  The Third-Party Plaintiffs repeat Plaintiff's allegations that Plaintiff owned the Tract II site (Docket No. 38, Am. Third-Party Compl. ¶¶ 17-18).  They also allege that on or about November 9,

4

1971, Moore Business Forms, Inc., deeded the Moore Parcel to Niagara Community Action Program and that not-for-profit was record owner until February 28, 1972, when it deeded that parcel to another non-profit, Tract II Betterment (id. ¶¶ 34-35).  Either non-profit authorized E.M. Business Forms, Inc., to engage in printing and other business activities at the Moore Parcel (id. ¶ 36) as they later authorized Consolidated Fibres Inc. to conduct warehouse operations there (id. ¶ 37).  In May 1976, there was a fire on the property destroying the business operations of E.M. Business Forms and Consolidated Fibres, leading to the demolition and earthmoving on the Moore Parcel and alleged dispersal of hazardous substances (id. ¶¶ 38-39).

The City then acquired title to the Moore Parcel through tax foreclosure in 1984 (id. ¶ 40).  Sometime in the 1990s, the City demolished the remaining structures on the Moore Parcel, including sitewide earthmoving; the Third-Party Plaintiffs allege that hazardous substances may have been dispersed with the disturbed subsoil during that operation (id. ¶ 41).  NiMo acquired the right of way for the unopened 15th Street that runs into the Moore Parcel (id. ¶ 42).  NiMo used that right of way to perform work and engaged in earthmoving with possible dispersal of hazardous materials (id.).

The Third-Party Plaintiff alleges that the Third-Party Defendants owned or operated a facility or arranged for disposal of hazardous substances within meaning of CERCLA § 107(a)(2), (3) (id. ¶ 49).

Upon the filing of the original Third-Party Complaint, Magistrate Judge Foschio adjourned the July 29, 2017, Scheduling Conference until after the filing of Answers to the Third-Party Complaint (Docket No. 32).

B.  Motions to Dismiss the Third-Party Complaint (Docket Nos. 52, 53)

Instead of answering the Third-Party Complaint, the City (Docket No. 52) and NiMo (Docket No. 53) separately move to dismiss it.  The City contends that the pleading does not plausibly allege a contribution claim against it (Docket No. 52, Niagara Falls Memo.). The City denies being an owner or operator of the Moore Parcel for CERLCA liability (id. at 4, 5-9).  The City also denied being an "arranger" for purposes of CERCLA (id. at 9-10).  NiMo asserts that it the Third-Party Plaintiffs made "speculative assertions" that fail to state a plausible claim (Docket No. 53, Niagara Mohawk Memo. at 5).

Third-Party Plaintiffs first respond that the Third-Party Complaint under CERCLA needs to be evaluated on a more relaxed standard than plausibility (Docket No. 58, Third-Party Pls. Memo. at 9-11, 18-19).  Alternatively, they contend that the Third-Party Complaint plausibly alleges contribution claims against the Third-Party Defendants (id. at 12-16, 16-18, 18-20), at least for four of five elements for a CERCLA contribution claim (id. at 11-12).  As for the City's motion and whether the City was an owner or operator or an arranger for disposal of hazardous substances, the Third-Party Plaintiffs argue that the City remains liable (despite its involuntary acquisition through tax foreclosure) because it caused or contributed any release of a hazardous substance from the facility (at 16-18).  As for NiMo's contention that they did not establish that NiMo released any hazardous materials, the Third-Party Plaintiffs argue that they plausibly allege that release from NiMo's operations in the right-of-way in the Moore Parcel (id. at 12-16).

The City replies that the Third-Party Plaintiffs failed to plead plausibly a CERCLA contribution claim against the City (Docket No. 59, Niagara Falls Reply Memo. at 1-3). They speculate whether the City's demolition activities released hazardous substances

without specifying details of the demolition or the earthwork performed (id. at 2).  Noting that the Third-Party Plaintiffs had three opportunities to plead this (in the Third-Party Complaint, its amendment, and the opposition papers), "underscores the reality that R.R. Donnelly has no factual information to back up its speculative narrative" (id. at 2-3). The Third-Party Plaintiffs provided (upon information and belief) only the barebone allegation of City release of hazardous substances that was not sufficient to plausibly allege a CERCLA claim (see id. at 3, 5).

NiMo also replies that there is no relaxed pleading standard for a Third-Party CERCLA Complaint contrasted with the original pleading (Docket No. 60, Niagara Mohawk Reply Memo. at 4).  Citing (as discussed below) other courts rejecting similar CERLCA contribution allegations on plausibility grounds, NiMo contends that this Third-Party pleading also fails (id. at 5).

### III.    DISCUSSION

#### A.  APPLICABLE STANDARDS

##### 1.  Motion to Dismiss, Rule 12(b)(6)

Third-Party Defendants have moved to dismiss the Third-Party Complaint on the grounds that it states a claim for which relief cannot be granted (see Docket No. 52, Niagara Falls Notice of Motion; Docket No. 53, Niagara Mohawk Notice of Motion).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state

a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985)  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual

averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

This pleading standard applies to a Third-Party Complaint, Fed. R. Civ. P. 14(a)(2)(A); see Fed. R. Civ. P. 7(a)(5) (Third-Party Complaint is pleading) (see Docket No. 60, Niagara Mohawk Reply Memo. at 4-5).  Upon a Third-Party Defendant's objection that the pleading fails to comply with Rule 8(a)(2), the Third-Party Complaint will be dismissed if it does not meet the Iqbal/Twombly standard, 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure—Civil § 1455, at 506 (2010).

2.   CERCLA

To allege CERCLA §113(f)(1), 42 U.S.C. § 9613(f)(1), contribution liability claim, the claimant must show the defendant fits under one of four categories of responsible parties under CERCLA § 107:  as an owner or operator of a facility; any person who at the time of disposal owned or operated any facility; a person who by contract arranged for disposal or treatment of hazardous substances; or any person who accepted hazardous substances, see 42 U.S.C. § 9607(a)(1), (2), (3), (4).  That claimant also has to allege that the site was a facility; that there was a release or threatened release of hazardous substances at the facility; the claimant incurred costs responding to the release or threatened release; and the costs and response actions conform to the National Oil and Hazardous Substances Pollution Contingency Plan.  Buffalo Color Corp. v. Alliedsignal, Inc., 139 F. Supp. 2d 409, 415-16 (W.D.N.Y. 2001) (Curtin, J.) (see Docket No. 52, Niagara Falls Memo. at 4-5).

Third-Party Plaintiffs argue that establishing liability under CERCLA is more relaxed, thus they conclude that pleading those claims are also under a relaxed basis (Docket No. 58, Third-Party Pls. Memo. at 9-11, citing, e.g., New York v. Solvent Chem. Co., 218 F. Supp. 2d 319, 348 n.13 (W.D.N.Y. 2002) (Curtin, J.)).  But the cases noting this CERCLA liability relaxation applied this at the proof required to show an opponent is a PRP and at the damage phase of a case (cf. Docket No. 58, Third-Party Pls. Memo. citing Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 130-31 (2d Cir. 2010); Asarco LLC v. NI Industries, 106 F. Supp. 3d 1015, 1025-26 (E.D. Mo. 2015); there are no cases cited for applying a relaxed standard at pleading.

### B.  CITY OF NIAGARA FALLS MOTION (DOCKET NO. 52)

The City denies that it was an "owner or operator" of a facility for CERCLA liability, since that phrase does not include local governments which acquire ownership of the affected property through tax delinquency (Docket No. 52, Niagara Falls Memo. at 5), 42 U.S.C. § 9601(20)(D).

"Owner or operator" in CERCLA's definition does not include local governments which acquire property through tax delinquency, 42 U.S.C. § 9601(20)(D); United States v. Occidental Chem., 965 F. Supp. 408, 413 (W.D.N.Y. 1997) (Curtin, J.).  Judge Curtin distinguished the City of Niagara Falls acquiring Love Canal parcels for parks in that case from involuntary acquisition such as tax foreclosure that would exempt it from the "owner or operator" CERCLA definition, id.  Municipal immunity from CERCLA arises for involuntarily acquired properties, see U.S. Envtl. Prot. Agency, Office of General Counsel, "Municipal Immunity from CERCLA Liability for Property Acquired Through Involuntary

10

State Action," 1995 WL 18237778 (E.P.A.G.C.), at *2 (Oct. 20, 1995) (Docket No. 52, Niagara Falls Memo. at 5-6).

To allege arranger liability under CERCLA, a claimant must allege that the opponent took intentional steps to dispose of a hazardous substance, Burlington N. & S.F. Ry. v. United States, 556 U.S. 599, 611 (2009) (Docket No. 52, Niagara Falls Memo. at 10).  One district held that the plaintiffs there had to show that the arranger arranged for transportation of hazardous material, Transportation Leasing Co. v. State of Cal. (CalTrans), 861 F. Supp. 931, 961 (C.D. Cal. 1993).  For liability under the arranger subsection there must be "a sufficient nexus present between the municipality and the hazardous substances, one that does not exist in cases where the governmental unit is responsible only for promulgating disposal regulations or for permitting disposal facilities"; a nexus exists "by managing the disposal activities," B.F. Goodrich v. Murtha, 958 F.2d 1192, 1199 (2d Cir. 1992); Carson Harbor Village, Ltd. v. Unocal Corp., 287 F. Supp. 2d 1118, 1192 (C.D. Cal. 2003).

The Third-Party Plaintiffs allege that the City acquired the Moore Parcel by tax foreclosure (Docket No. 38, Third-Party Compl. ¶ 40).  On this basis alone, the City is immune from CERCLA contribution liability.  The Third-Party Plaintiffs argue that they state a claim from the City's activities on the property after its involuntary acquisition of the Moore Parcel.

The Third-Party Plaintiffs allege that the City caused or contributed to the release or theoretical release of hazardous substances at the Moore Parcel when it demolished structures on that site in the 1990s (Docket No. 58, Third-Party Pls. Memo. at 17), regardless how the City acquired the parcel.  The only purported action alleged against

the City was this 1990s demolition, which Third-Party Plaintiffs asserting upon information that earthmoving activities relative to that demolition disturbed sub-surface soil and dispersed unspecified hazardous substances in Tract II and the Moore Parcel (Docket No. 38, Third-Party Compl. ¶ 41).  The Third-Party Plaintiffs have not alleged that the City intended to dispose of hazardous substances in this demolition.  The pleading does not specify when the demolition(s) occurred, or the substances exposed and (re)deposited on the Moore Parcel to create contributory liability.  The Amended Complaint, in fact, alleges that the City conducted remedial investigations of Tract II and the Moore Parcel from 1998-2000 (Docket No. 19, Am. Compl. ¶ 52), which the Third-Party Plaintiffs (as Defendants) lacked knowledge and thus denied this allegation (Docket No. 23, Ans. to Am. Compl ¶ 52).  At least one court has noted that the exemption for being an involuntary acquirer of a parcel can be lost if that owner caused or contributed to a release of hazardous substances, see Transportation Leasing, supra, 861 F. Supp. at 960-61; In re Sundance Corp., Inc., 149 B.R. 641, 656 (Bankr. Ct. E.D. Wash. 1993) (holding that, due to judicial immunity and the ambiguous nature of definition of "person" under CERCLA, 42 U.S.C. § 9601(21), owner or operator liability did not extend to a court and a court-appointed receiver, In re Sundance Corp., supra, 149 B.R. at 658-61).

As for arranger liability, one court held that a municipality was not a CERCLA "arranger" merely for having an ordinance dictating the removal of abandoned vehicles from public and private property where that municipality was not alleged to have benefitted financially from the transactions involving the hazardous substances or directly caused or contributed to the release, Lincoln v. Republic Ecology Corp., 765 F. Supp. 633, 635 (C.D. Cal. 1991); Carson Harbor Village, supra, 287 F. Supp. 2d at 1191, holding

that City of Pasadena was not an arranger for exercising "'minimal or involuntary control over the disposition of hazardous substances,' particularly given that the city was 'engaged in legitimate sovereign, as opposed to proprietary or commercial, functions,'" Carson Harbor Village, supra, 287 F. Supp. 2d at 1191 (quoting Lincoln, supra, 765 F. Supp. at 637-38).

In this case, the Third-Party Plaintiffs do not allege the reason for the City's 1990s demolition of the remaining structures on the Tract II and the Moore Parcel (cf. Docket No. 38, Third-Party Compl. ¶ 41). Presumably, the demolition might have been an exercise of police power (public safety, abating nuisance) which would be sovereign functions of the City. Third-Party Plaintiffs have not alleged that the City acted in commercial or proprietary function which might make the City a CERCLA arranger despite how it obtained title originally. Absent such an allegation, however, these litigants have not plausibly alleged CERCLA liability for the City under an arranger theory.

Therefore, Third-Party Defendant City of Niagara Falls' Motion (Docket No. 52) to dismiss the Third-Party Complaint is **granted**.

### C. NIAGARA MOHAWK MOTION (DOCKET NO. 53) AND RULE 12 PLEADING

NiMo argues that the Third-Party Plaintiffs failed to allege plausibly CERCLA contribution liability against the utility (Docket No. 53, Niagara Mohawk Memo. at 5-8; see also Docket No. 52, Niagara Falls Memo. at 6-8). The Third-Party Plaintiffs respond that CERCLA's relaxed proof standard extends to mere liberal pleading rather than what they term heightened pleading under Iqbal (Docket No. 58, Third-Party Pls. Memo. at 9-11).

The Third-Party Plaintiffs argue that CERCLA has a relaxed proof standard therefore pleading those allegations also should be more relaxed than the Twombly/Iqbal probability standard (Docket No. 58, Third-Party Memo. at 9-11, citing, e.g., New York v. Solvent Chem., supra, 218 F. Supp. 2d at 348 n.13).   The issue here is the pleading requirement for CERCLA claims.   Twombly and Iqbal require pleadings (including Third-Party Complaints, see Fed. R. Civ. P. 7(a)(5) (see Docket No. 60, Niagara Mohawk Reply Memo. at 4-5)) be plausible, regardless of the claim alleged.

The Third-Party Plaintiffs depend upon Judge Curtin's reliance on Rule 8 liberal pleading rule in the New York v. Solvent Chemical decision from 2002, New York v. Solvent Chem., supra, 218 F. Supp. 2d at 348 n.13 (W.D.N.Y. 2002) (Curtin, J.).   This decision predated Twombly and Iqbal and the requirement generally under Rule 8 as presently construed by the Supreme Court for heightened pleading to plausibly allege a claim, see Twombly, supra, 550 U.S. at 560-63; Iqbal, supra, 556 U.S. at 677-78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The Third-Party Plaintiffs have not sited a post-Twombly/Iqbal CERCLA case in which the allegation like theirs here survived a plausibility challenge.

NiMo cites cases after those two Supreme Court precedents that dismissed CERCLA claims for failing to meet the heightened pleading requirement (Docket No. 60, Niagara Mohawk Reply Memo. at 5, citing Town of Islip v. Dater, No. 16-CV-2156, 2017 U.S. Dist. LEXIS 45634, at *60-64, 61 (E.D.N.Y. Mar. 28, 2017) (CERCLA complaint did not plausibly allege that Church defendants were owners or operators of site); Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., No. C-0904485, 2010 U.S. Dist. LEXIS 15624, at *12-15 (N.D. Cal. Feb. 23, 2010) (applying Twombly and Iqbal, holding that factual

allegations failed to establish one defendant was a CERCLA operator); Voggenhaler v. Maryland Square, LLC, No. 2:08-CV-1618-RCJ-GWF, 2010 U.S. Dist. LEXIS 74232, at *21-26 (D. Nev. July 22, 2010) (complaint lacked sufficient factual content to raise the right to relief above the speculative level, applying Twombly/Iqbal standard, at *18)).   In Chubb, plaintiff alleged liability against former owner Sun Microsystems, merely alleging

> "that '[t]here were releases of hazardous substances from [the location owned/operated by Sun] during Sun Mircrosystem's period of ownership and/or operation.'  (Complaint P 13.)  Similarly, Paragraph 28 of the complaint alleges that '[t]he presence of hazardous substances, including but not limited to, PCE and TCE, in the soil and groundwater at the Site constitute a release or threatened release of hazardous substances into the Environment.' (Id. at P 28 (citation omitted),"

Chubb Custom Ins. Co., supra, 2010 U.S. Dist. LEXIS 15624, at *13.  The United States District Court for the Northern District of California found this language was "insufficient to establish that Sun is an owner or operator under the statute," id.

In this case, the Third-Party Plaintiffs make a vague reference to NiMo's earthwork on the Moore Parcel which, upon information and belief, may have disturbed subsoil and thus added hazardous substances on the right of way NiMo has within the Moore Parcel. Without more, they have not plausibly alleged CERLCA liability for NiMo's contribution. Their allegation here is essentially the unadorned defendant-done-me-wrong accusation, see Iqbal, supra, 556 U.S. at 678, that NiMo did unspecified earthwork on its right-of-way within the Moore Parcel, digging subsoil and disturbing hazardous substances.  The Third-Party Plaintiffs need to allege more than this to state a CERCLA contribution claim, even if the former owner's responsibility may be slight.

## IV.    CONCLUSION

Third-Party Defendants' motions (Docket Nos. 52, 53) to dismiss raise different pleading objections to the Third-Party Complaint.  Both motions are **granted**.  The Third-Party action remains against the non-profit corporate Third-Party Defendants, which had yet to appear in this action.

Given the referral of this case to Magistrate Judge Foschio (Docket No. 25), the absence of a Scheduling Order due to the Third-Party Complaint and these motions (see Docket No. 32), and present resolution of these motions, the next matter is setting a Scheduling Order (cf. Docket Nos. 26, 32).

## V.    ORDERS

IT IS HEREBY ORDERED, that Third-Party Defendant City of Niagara Falls' Motion to Dismiss the Third-Party Complaint (Docket No. 52) is **granted**.

IT IS FURTHER ORDERED, that Third-Party Defendant Niagara Mohawk Power Corporation's Motion to Dismiss the Third-Party Complaint (Docket No. 53) is **granted**.

IT IS FURTHER ORDERED, that this case remains referred to Magistrate Judge Foschio for conducting pretrial proceedings, including setting a Case Management/Scheduling Order for the remaining parties and claims.

SO ORDERED.


Dated:        Dated: July 7, 2020
              Buffalo, New York


                                                 s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                 United States District Judge